Gussie Junior MURDOCK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6443.

United States Court of Appeals
Tenth Circuit.

Oct. 27, 1960.

Don D. Etter, Denver, Colo., for appellant.

J. C. Ryan, Asst. U. S. Atty., Albuquerque, N. M. (James A. Borland, U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before HUXMAN, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Defendant below was convicted upon the first three counts of a six count information charging violation of 18 U.

S.C. § 2314, transporting or causing to be transported in interstate commerce forged or fictitious securities. The remaining counts were dismissed by the trial judge and withdrawn from the consideration of the jury before the prosecution had rested because of insufficient evidence to support the charges. Complaint is now made that the evidence received and heard by the jury in support of the counts dismissed was such as to so prejudice the jury that defendant was denied a fair trial upon the counts premising his convictions. Further complaints are made questioning the sufficiency of the evidence to support the convictions and alleging an abuse of discretion upon the part of the trial judge in refusing a request of the defendant for a writ of habeas corpus ad testificandum.

■■ It is quite true, as defendant contends, that the jury that found him guilty upon Counts 1, 2 and 3 was exposed to the testimony of several witnesses and was familiarized with the substance of several exhibits, some received and others merely identified, that bore no materiality to the question submitted to the jury for consideration. And here, as in many instances, it may be convincingly argued that the presence of extraneous issues may have a possible or even probable adverse effect upon the interests of the accused. The law recognizes this and has provided realistic safeguards to protect the rights of the accused in the situation here presented, one where the prosecution makes a multiple charge and succeeds in proving guilt of several charges but fails to prove more than suspicion upon others. The problem created is a recurring one, and necessarily so, and the safeguards provided are such as to allow the trial court an opportunity to assure the administration of justice both in the case of moment and in a continuing sense. The defendant did not choose to avail himself of the procedural safeguards open for he neither sought mistrial nor does he presently complain of the court's instructions in any regard. Apparently content with the trial as it proceeded, he complains

only after the verdict. Had the evidence produced in support of Counts 4, 5 and 6 been such as to be patently prejudicial to the theory of innocence in regard to Counts 1, 2 and 3 the trial court could have entertained a motion for mistrial and a denial of the motion would be reviewable by this court. A less serious surplusage of evidence could be pointed out to the jury by proper instructions, the correctness of which would also be reviewable. But the contention of error now made is but general and points only to a familiar situation where the prosecution succeeds in one regard, fails in another. The contention can have merit only in the exceptional case when a careful review of the entire record convinces the appellate court that a manifest injustice has occurred. Our review of this record does not indicate this to be such a case.

■ The evidence supporting the findings of guilty upon Counts 1, 2 and 3 can be summarized: Prior to October 10, 1958, a number of blank checks bearing the printed format of Band Box, Inc., were stolen from that establishment, a night club located in Albuquerque, New Mexico. One such check, No. 152, dated October 10, 1958 and made out to Leonel Sanchez as payee and bearing the forged signature of L. E. Pickrel as drawer was cashed by defendant on October 10 at the First National Bank of Albuquerque. On October 21, defendant was arrested in Denver, Colorado, and at such time had in his possession checks numbered 148, 149 and 151 of the Band Box format, bearing date of October 10 and each made out to Leonel Sanchez as payee and carrying the forged signature of L. E. Pickrel as drawer. Defendant also had in his possession numerous cards of identification for Leonel Sanchez which had been lost by that person in Albuquerque sometime earlier. We believe the evidence of guilt to be substantial and ample to warrant the jury in finding that the checks were forged in New Mexico and transported by the defendant to Colorado. The fact that other inferences may be possible does not make the evidence in-

sufficient for conviction. Scott v. United States, 10 Cir., 145 F.2d 405, certiorari denied 323 U.S. 801, 65 S.Ct. 561, 89 L.Ed. 639; Thomas v. United States, 10 Cir., 154 F.2d 365.

Trial of this case was held at Albuquerque, New Mexico. Prior to the trial defendant through his counsel requested the court to issue a writ of habeas corpus ad testificandum directed to the penal authorities at La Tuna, Texas, requiring the appearance of a witness, one Mandell, who was then incarcerated at La Tuna. Defendant represented to the court that the witness Mandell would testify that it was he, Mandell, who had transported the subject forged checks from New Mexico to Colorado and that the testimony of the witness was necessary for the defense. The court requested counsel for the defendant to ascertain whether Mandell would in fact so testify. Counsel then talked to Mandell and to his attorney and reported to the court that Mandell had stated that if called as a witness he would seek the shelter of the Fifth Amendment upon the subject indicated. Mandell's attorney stated that he had advised his client to claim constitutional immunity in such regard. The court upon receipt of this information stated that it would be a useless gesture to exercise the power granted under Rule 17(b), Rules of Crim.Procedure, 18 U.S.C.A., and refused the request for the writ.

A motion to have a defense witness produced at government expense is addressed to the sound judicial discretion of the court and is not an absolute right. Reistroffer v. United States, 8 Cir., 258 F.2d 379, certiorari denied 358 U.S. 927, 79 S.Ct. 313, 3 L.Ed.2d 301. Although the request should be carefully considered to assure the accused's rights under the Sixth Amendment the court has a duty to explore the premise of the request and to prevent useless or abusive issuance of process. This the trial court did and determined that the witness Mandell would not testify in accordance with defendant's representation and could not be compelled so to do. To deny the mo-

tion for a writ of habeas corpus ad testificandum under such circumstances was not an abuse of discretion.

We find no error. The judgment is affirmed.