William Joseph **FINDLEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 9250.

United States Court of Appeals
Tenth Circuit.

July 19, 1967.

Rehearing Denied Aug. 1, 1967.

Walter L. Gerash, Denver, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The appellant Findley was convicted and sentenced in the United States District Court for the District of Colorado on a charge of unauthorized sale and disposition of property belonging to the United States, in violation of 18 U.S.C. § 641. A defense of insanity was interposed, and the only error claimed on this appeal is the trial court's denial of a defense motion to subpoena a number of medical witnesses under Rule 17(b), F.R. Crim.P.[1]

Findley had a history of mental instability dating back to 1944. On a

---

1. Amended Rule 17(b), F.R.Crim.P. provides:

"Defendants Unable to Pay. The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government."

number of occasions he had been adjudged insane and committed to institutions. In pre-trial proceedings, counsel indicated to the court that he desired to have subpoenaed as witnesses the various doctors who had made previous mental examinations of Findley. Representations were made to the court that the reports of these doctors were available for use at the trial. It was understood by the parties and the court that in lieu of calling the doctors as witnesses, these reports would be admitted in evidence and local psychiatrists designated to examine Findley in order to determine his mental condition at the time of the commission of the alleged crime. No contention was made that Findley was incompetent to stand trial. Thereafter two such psychiatrists were appointed, one of whom was requested by Findley's counsel. The court also directed that Findley be removed to a local Veterans' Administration Hospital for examination.

A short time before the trial, and apparently after the doctor designated by defense counsel had submitted his report, a motion was filed demanding that all the doctors who had previously made mental examinations of Findley be subpoenaed at government expense to appear personally as witnesses at the trial.[2] The court denied the motion, stating in effect that, under the circumstances, all of these witnesses were not necessary for an adequate defense of Findley. At the trial the reports of all the doctors were accepted in evidence to show the results of the former mental examinations.[3]

■ It is argued that the 1966 amendment to Rule 17(b) stripped the court of discretionary powers in Rule 17(b) motions. This amendment eliminated the necessity of supporting by affidavit the motion or request for the subpoena of a witness at government expense, but it requires, in addition to proof of financial inability to pay witness fees, a satisfactory showing that the presence of the witness is necessary to an adequate defense. Although the amendment inserted the word "shall" for "may", the amended rule does not provide an absolute right to have any witness produced for the defense at government expense. The trial court must determine whether the requested witnesses are necessary to an adequate defense of an accused, and in making such determination it has the duty to examine the existing circumstances, and should deny the issuance of unnecessary subpoenaes and prevent useless or abusive issuance of process. Necessarily the determination whether witnesses requested under Rule 17(b) are required for an adequate defense of an accused rests largely upon the judgment of the trial court. Murdock v. United States, 10 Cir., 283 F.2d 585, cert. denied 366 U.S. 953, 81 S.Ct. 1910, 6 L.Ed.2d 1246; United States v. Zuideveld, 7 Cir., 316 F.2d 873, cert. denied 376 U.S. 916, 84 S.Ct. 671, 11 L.Ed.2d 612. Here, com-

---

2. The motion requested the court to order the issuance of subpoenas for the appearance of nine medical doctors now residing at:
    1. Milwaukee, Wisconsin; date of examination 1951 and Dec. 1955
    2. Woodland Hills, California; date of examination Oct., 1951, and Dec. 1955
    3. Miami, Florida; date of examination May, 1962
    4. Rusk, Texas; date of examination Dec., 1965
    5. Terre Haute, Indiana; date of examination July, 1959
    6. San Antonio, Texas; date of examination July, 1958

7. San Antonio, Texas; date of examination July, 1958
    8. Miami, Florida; date of examination March, 1959
    9. Denver, Colorado; date of examination September, 1966; this doctor was designated by the court and was available as a witness.

3. Findley previously had been tried for a criminal offense in the United States District Court for the District of Florida, where he interposed the defense of insanity. In reversing the conviction the 5th Circuit reviewed the insanity history of the accused. Taylor v. United States, 5 Cir., 329 F.2d 384.

petent court-appointed psychiatrists examined the accused before trial. The reports of all the doctors who had previously examined into his mental condition for twenty years were before the jury. Accordingly, we are satisfied that the trial court's conclusion that the physical presence of the witnesses requested was not necessary for an adequate defense of Findley is supported by the record.

Affirmed.