Stephen M. SPEERS, Jerry D. Anden, and James V. Sidary, a/k/a Jim Sidney, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 9245–9247.

United States Court of Appeals Tenth Circuit.

Nov. 30, 1967.

Rehearings Denied Feb. 12, 1968.

Harvey D. Ashworth, Topeka, Kan., for appellant James V. Sidary. John William Mahoney, Kansas City, Kan., for appellants Stephen M. Speers and Jerry D. Anden.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on brief), for appellee.

Before MURRAH, Chief Judge, and WILBUR K. MILLER * and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellants Speers, Anden and Sidary were charged with violating the mail fraud statute, 18 U.S.C. § 1341, aiding, abetting and counseling, 18 U.S.C. § 2, and conspiring to violate the mail fraud statute, 18 U.S.C. § 371. A jury found Speers and Anden guilty on all counts. Sidary was acquitted of conspiracy, but found guilty on all other counts.

The appellants filed separate motions for acquittal, a new trial, and for a new trial on the basis of newly discovered evidence. After a hearing, the trial court denied all of the motions.

This appeal presents the following points for review:

1. Sufficiency of the evidence.

2. Abuse of court's discretion in denying certain witnesses requested by appellants at government expense.

3. Failure of instructions to call equal attention to appellants' evidence which, if believed by the jury, should require verdicts of not guilty.

4. Alleged misconduct of government counsel in failing to make government witnesses not called to testify available for interview by accused and their counsel.

5. Alleged misconduct of a government investigator who inspected and made copies of records of the accused without permission or court order.

6. Alleged error in admitting testimony of a government agent who related defendant Speer's statement to him, "We know of a couple of tricks you fellows haven't heard of next time we start up."

7. Alleged error in questions propounded on cross-examination to appellant Speers.

8. Alleged error in not granting an acquittal to appellant Sidary on the ground that the verdict of acquittal on

---

* Senior Circuit Judge for the District of Columbia, sitting by designation.

the conspiracy count is inconsistent with verdicts of guilty on the mail fraud counts.

9. Alleged error in denying motion for new trial on ground of newly discovered evidence.

Speers conceived a plan to establish an area market for feeder calves. Calves were purchased in areas where they were plentiful, trucked to farms which were located in desirable market areas, and sold to a customer market created by the appellants. The purchasers in the scarce market areas were solicited on a per-head basis. Trucks were used to deliver the worked lots of calves to the order-purchaser at his farm or feed lot. A certified check was demanded before unloading began.

Anden became an employee of Speers in the initial operation and when the business expanded and Speers incorporated, Anden purchased stock in the newly formed corporation and became one of the executive officers, as did Speers. Sidary also was employed early in the development of the business, and rose from truck driver and stock handler to office manager of the fast growing enterprise.

Inquiries were invited through advertising in livestock trade journals. As the inquiries were received, solicitations to purchase in the nature of brochures were mailed out with letters representing the type and grade of animal to be sold. The advertisements, brochures and letters all misrepresented the quality of the cattle. In addition, misrepresentations were made in telephone solicitations which were under the direction of office manager Sidary. Sidary also handled office correspondence and replied to inquiries, made representations and settled claims.

Numerous exhibits are included in the record and they include the advertisements, brochures, correspondence and the credit memos which reflect the efforts to settle loss claims. The record also contains a sizeable transcript of the testimony of purchasers, some of whom complained and others who were satisfied. Also included is testimony of veterinarians who examined and treated the animals and testimony of government agents of the Enforcement Division of the Packers and Stockyards Act.

The fundamental rules for determining whether a motion for acquittal should be granted are: '(a) the evidence must be considered in the light most favorable to the government, and (b) the verdict of the jury will not be set aside if supported by substantial evidence. The basic propositions and the test for reviewing the sufficiency of the evidence are set out in Cartwright v. United States, 335 F.2d 919 (10th Cir. 1964), and cases cited therein. Upon application of the rules referred to above, we find the jury's verdict is supported by substantial evidence.

It was argued this was a legitimate business venture that did not work out successfully; however, "[t]hat * * * was a question of fact, to be determined by the jury after considering all of the evidence and the inferences to be drawn therefrom." Beck v. United States, 305 F.2d 595, 598 (10th Cir. 1962); Wall and Lund v. United States, 384 F.2d 758 (10th Cir. 1967). The jury made the determination. We will not disturb it.

Appellants requested that 80 witnesses, who would testify they were satisfied customers, be subpoenaed at government expense. Exercising its discretion under Fed.R.Crim.P. 17(b), the court allowed twelve witnesses to be subpoenaed at government expense, five of whom were satisfied customers. It is contended that the court abused its discretion. However, in argument to the jury it was said by appellants' counsel, "We asked permission to bring in witnesses, because these guys are indigent, at the Government (sic) expense and the Government rightly limited us to what we could have." Thus, it was recognized during the argument that the court did not abuse its discretion. We find no reason to disagree. "A motion to have a defense witness produced at government expense is addressed to the sound

judicial discretion of the court and is not an absolute right." Murdock v. United States, 283 F.2d 585, 587 (10th Cir. 1960). Findley v. United States, 380 F.2d 752 (10th Cir. 1967).

It is contended that amended Rule 17(b) reflects the theory of the Sixth Amendment guarantee and, therefore, because of the Sixth Amendment, no exercise of discretion should be tolerated. We do not speculate on future interpretations of the Sixth Amendment. However, it is important to note that Rule 17(b) presently provides that witnesses will be provided "upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense." Findley v. United States, supra. Therefore, an indigent still must show that the witness is necessary to an adequate defense, just as he had to make such a showing under the former version of Rule 17(b). Appellants have failed to show why the new rule requires the disavowance of the thinking expressed in Feguer v. United States, 302 F.2d 214 (8th Cir. 1962) which recognized the right to compulsory process for an accused as guaranteed by the Sixth Amendment but also observed "that this right does not necessarily include the payment by the government of the expenses of witnesses." Id. at 241, citing Casebeer v. Hudspeth, 121 F.2d 914, 916 (10th Cir. 1941).

The court exercised its discretion and permitted the subpoena at government expense of witnesses necessary to an adequate defense.

We have the instructions submitted for review but unlike the cases cited by appellants, we do not have the written request for instructions before us to compare them with because none were submitted. Neither do we have a distinct statement of the omissions to compare with what has been given as is prescribed in Fed.R.Crim.P. 30.

■■ "In a criminal case, it is reversible error for a trial judge to refuse to present adequately a defendant's theory of defense, especially where a proper request therefor is proffered. [Citations omitted]." United States v. Blane, 375 F.2d 249, 252 (6th Cir. 1967). We examined the instructions as a whole to determine whether the defendants' theory of defense was adequately presented. Beck v. United States, supra, 305 F.2d at 599. The court recited the contentions of the appellants and, in effect, instructed that good faith and an honest purpose on the part of the accused is a good or complete defense to the offenses charged in the indictment. Beck v. United States, supra, was complied with. Also see, Elbel v. United States, 364 F.2d 127 (10th Cir. 1966) "The instructions protected defendant's rights." Barnhill v. United States, 96 F.2d 116, 122 (10th Cir. 1938).

■ When it was learned that some witnesses subpoenaed by the government would not be called, appellants were given the permission of the court to interview them and use whomever would aid in the defense. Appellants contend the government excused the witnesses "but did not advise appellants of their names until after all the witnesses had left." The trial court reviewed this charge after the trial and found no prejudice against the accused. Appellants have not alleged, in their motion for new trial on the ground of newly discovered evidence, any matters which these interviews would have disclosed. We have found no showing that the witnesses were likely to have information which would be helpful in preparing a defense nor is it shown how the absence of such information handicapped the accused either in making out an affirmative defense or in meeting the prosecution's case. The number of satisfied customers had no bearing upon whether one or more witnesses who testified were defrauded by a scheme where the mail was used.

■ It is contended that government agents were guilty of misconduct when they inspected records of appellants and made copies of them at a time when the government was in the process of preparing its case against appellants.

It is admitted that Sidary, as office manager, consented to the examination of the records. It is also admitted that appellants' corporation was registered under the Packers and Stockyards Act, 7 U.S.C. § 203. Section 222 of the Act provides: "The Secretary [Secretary of Agriculture] in person or by such agents as he may designate, may prosecute any inquiry necessary to his duties under this chapter in any part of the United States." Further, the corporation could not refuse to disclose any matter which the Packers and Stockyards Act required it to record, report or disclose. Model Code of Evidence, Rule 207 (1942). Imperial Meat Company v. United States, 316 F.2d 435 (10th Cir. 1963); Amato v. Porter, 157 F.2d 719 (10th Cir. 1946). We, therefore, find no misconduct on the part of the agents because they had authority given them by Congress to prosecute an inquiry.

Appellant Speers contends that testimony given by an agent of the Enforcement Division of the Packers and Stockyards Act which related a remark of Speers—"We know of a couple of tricks you fellows haven't heard of next time we start up"—was prejudicial to the accused. This testimony would show the frame of mind or intent of the witness. Therefore, it was clearly within the trial judge's discretion to admit or deny. The trial judge exercised his discretion and we find it was not abused. No objection was made to this testimony during the trial and it was not raised by the motions being reviewed.

It is also contended the cross-examination of Speers was prejudicial. Wide latitude is permitted in cross-examining an accused when the examiner seeks to destroy his credibility. The ruling on objections is within the sound discretion of the trial judge. The issue was not raised in the motions being considered.

Sidary contends that his acquittal on the conspiracy count requires his acquittal on the substantive counts. This court recently held: "[S]ince each count in an indictment is a separate offense, consistency in the verdict is not necessary." Maxfield v. United States, 360 F.2d 97, 99 (10th Cir. 1966). The case reaffirmed Burns v. United States, 286 F.2d 152, 155 (10th Cir. 1961).

The final contention is that the court erred in overruling the motion for new trial on the grounds of newly discovered evidence. The contention is answered by this court's rule that the motion is addressed to the sound discretion of the trial judge and his action will not be disturbed unless there is a showing of abuse of discretion. Robinson v. United States, 345 F.2d 1007, 1011 (10th Cir. 1965).

We have reviewed this voluminous record in detail and find that the trial court conducted a rather difficult case with extreme care in order to protect all of the rights of the accused.

We find no error affecting any substantial rights and, therefore, affirm the trial court.

Affirmed.