UNITED STATES of America,
Appellee,

v.

James Franklin MORRIS, Jr., Appellant.

No. 71–1259.

United States Court of Appeals,
Eighth Circuit.

Dec. 9, 1971.

Robert A. Warder, Rapid City, S. D., for appellant.

Robert D. Hiaring, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

James Franklin Morris, Jr. appeals from his jury conviction for willful and unlawful escape from custody, in violation of 18 U.S.C. § 751(a). District Judge Andrew W. Bogue sentenced appellant to a term of two years imprisonment.

On the date of the escape, July 21, 1970, appellant was being held at the Lawrence County Jail at Deadwood, South Dakota upon a commitment and federal grand jury indictment for passing counterfeit federal reserve notes, in violation of 18 U.S.C. § 472.[1] The record shows that three prisoners jumped a city police officer, took his gun and released the other prisoners confined at the jail. Appellant was identified by the officer as one of the prisoners leaving the jail and also holding the officer's gun which had been given to appellant by another prisoner. Deputy Sheriff Kelly, who captured Morris and two other prisoners while they attempted to depart in the city police officer's car, also identified the appellant as a participant in the escape.

Appellant initially claims his Sixth Amendment rights to counsel were denied in that he was unable to communicate with his counsel. We disagree.

Appellant's court-appointed counsel represented him at both the counterfeit bills and escape trials. It appears that appellant was located within the District of South Dakota for at least two weeks following counsel's appointment on the escape charge and for another 13 days immediately prior to trial, the two periods separated by four months while appellant was at the federal penitentiary in Leavenworth, Kansas. While appellant was in Leavenworth his counsel telephoned him twice and was informed the calls were being monitored and mail being censored by prison officers.

This Court has already had occasion to pass upon the issue raised. Recognizing the obvious security justifications for monitoring prisoner communications with the outside world, we said in Haas v. United States, 344 F.2d 56, 67 (CA8 1965):

"It well may be that a case of mail censorship could result in deprivation of the effective assistance of counsel in derogation of the Sixth Amendment. If, for example, the use of the mails constituted the only method whereby the defendant and his counsel could communicate with each other and such means of communication was censored, certainly the defendant then would have been deprived of his constitutional rights. We do not view the instant

---

1. Appellant was subsequently tried and convicted on a jury verdict for the offense. His conviction has been affirmed by this Court on appeal. United States v. Morris, 445 F.2d 1233 (CA8 1971).

situation as comparable. Here defendant and his counsel were given every opportunity needed to communicate privately with each other during the ordinary visting hours at the St. Louis City Jail. The opening by the City Jail officials of mail between defendant and his counsel, done for security purposes, and the contents thereof not communicated to the prosecution, presents an entirely different situation." See also Ramer v. United States, 411 F.2d 30, 36 (CA9 1969).

As in *Haas*, there is here no showing whatsoever of a deprivation of constitutional rights. Indeed, appellant was located in the District of South Dakota for nearly a month during which arrangements could have been made for him and his counsel to communicate privately. No claim was made that counsel could not have visited privately with appellant during visting hours at the penitentiary. Nor was any application for a continuance filed on the grounds of inadequate time to prepare for trial.

Appellant further claims error in that the trial court denied his motion under Rule 17 of the Federal Rules of Criminal Procedure for the issuance of subpoenas for two witnesses. Five days prior to trial, appellant made the motion to subpoena two prisoners being held at Leavenworth who allegedly were participants in the escape. Appellant claimed that one of them would testify that he had "knocked the policeman out, took his gun and opened the cell and forced Morris out of the cell." Appellant's counsel stated this testimony would relate to the affirmative defense of duress.

Fed.R.Crim.P. 17(b) reads as follows:

"Defendants Unable to Pay. The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a *satisfactory showing* that the defendant is financially unable to pay the fees of the witness and *that the presence of the witness is necessary to an adequate defense.* If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government." (Emphasis added.)

■ Appellant asserts that upon the showing made at the hearing, the trial judge possessed no discretion and it was mandatory that he issue the requested subpoenas. It is apparent from reading Rule 17(b) and has long been the rule in this Circuit that compulsory process under the Rule is not an absolute right but, rather is a matter within the wide discretion of the trial court. Slawek v. United States, 413 F.2d 957, 960 (CA8 1969); Feguer v. United States, 302 F.2d 214, 241 (CA8 1962); Bandy v. United States, 296 F.2d 882, 892 (CA8 1961); and Reistroffer v. United States, 258 F.2d 379, 396 (CA8 1958). In Terlikowski v. United States, 379 F.2d 501 (CA8 1967), we said at p. 508:

"The object of the rule is to afford the trial court authorization to provide an indigent defendant with witnesses at Government expense when the necessity is shown that their presence is required to insure a fair and adequate defense. The decision on this issue is necessarily vested in the discretion of the trial court and a reviewing court should not reverse unless the exceptional circumstances of the case indicate that defendant's right to a complete, fair and adequate trial is jeopardized."

■ In the present case when appellant's motion for the issuance of the subpoenas for the two witnesses was orally presented to the Court, the Court inquired as to whether there was any way of knowing what the witnesses would testify to. Counsel for appellant indicated he was relying on what the defendant had told him "yesterday in jail" and what he had heard "roundabout through the grapevine" regarding the defense of duress. We are satisfied appellant failed to make a satisfactory showing that the presence of these witnesses was necessary to an adequate defense. Furthermore, the trial judge sug-

gested that counsel contact the witnesses at Leavenworth on that same day and agree upon what their testimony would be. Interviewed, the witnesses both advised a Government representative that they would make no statement.[2] Under these circumstances, we certainly cannot say the trial judge abused his discretion in denying appellant's motion. Indeed, the record overwhelmingly supports his determination.[3]

■ Appellant asserts that four exhibits introduced by the Government were erroneously admitted into evidence. We disagree. Exhibit 4, a photostatic copy of appellant's prisoner custody, detention and disposition record, was admitted after the United States Marshal testified that it was a true and exact copy of the original and that it was a public record within his custody. Furthermore, he stated that he had independent knowledge of the facts stated thereon. Exhibit 4 was therefore admissible.

■ Exhibits 1, 2 and 3 were copies of the commitments issued by a United States Commissioner and the indictment. All were official court records within the custody of the Clerk of the United States District Court for the District of South Dakota, attested to by the Clerk as being true copies of the originals, and on which the Court seal was attached. Rule 44(a) and 28 U.S.C. § 1733(b) have been substantially complied with. See Bayless v. United States, 381 F.2d 67, 73 (CA9 1967). In any event, the district court may take judicial notice of its own records. Chandler v. United States, 378 F.2d 906, 909 (CA9 1967). See, *e. g.*, United States v. Halbrook, 36 F.Supp. 345, 346 (E.D.Mo.1941).

■ Appellant next claims error in that the evidence was insufficient since there was no evidence that at the time of the escape he was in custody pursuant to a lawful arrest. We need only say that the statute is worded in the disjunctive, stating several sets of circumstances which constitute the crime of escape.[4] Evidence of arrest on the counterfeit bills charge need not have been presented. See Rimerman v. United States, 374 F.2d 251 (CA8 1967) and McGriff v. United States, 408 F.2d 333 (CA9 1969). It was sufficient that appellant was in lawful federal custody at the time of his escape.

■ Finally, appellant claims that the trial judge invaded the province of the jury in directing them that appellant, as

2. This case can be sharply distinguished from United States v. Stewart, 445 F.2d 897 (CA8 1971). Stewart had been convicted of a narcotics violation largely on the testimony of an informer who subsequently recanted his testimony by unsworn affidavit. Furthermore, the informer's refusal to testify (recant under oath) suggested "only his tentative reservation about testifying until given an opportunity to obtain the advice of counsel." Here we have no statements from the potential witnesses indicating the truth of counsel's allegation. What we do have is an unequivocal refusal by the witnesses to make any, statement bolstered by the obvious fact that the statute of limitations had not run on their alleged criminal conduct.

3. For a "classic example of abuse of judicial discretion" on a Rule 17 determination, see United States v. Hathcock, 441 F.2d 197 (CA5 1971). See also, Welsh v. United States, 404 F.2d 414 (CA5 1968).

4. 18 U.S.C. § 751. Prisoners in custody of institution or officer

(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate, or from the custody, of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is. by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

a matter of law, was "in custody by virtue of a process issued under the laws of the United States and was under lawful arrest." This instruction followed Judge Bogue's statement that two elements were required to be proved in order to establish the offense of escape; federal custody and escape. He later concluded, "Therefore, the remaining duty and burden is for you to determine whether or not the defendant escaped from that custody."

As we said above, since the statute is worded in the disjunctive, whether or not appellant was in custody pursuant to a lawful arrest is immaterial. The evidence of appellant's custody in the Lawrence County Jail, however, was undisputed. Whether this custody constituted "federal custody" was an issue calling for a legal conclusion bottomed on facts neither disputed nor challenged. In fact, the evidence, including the exhibits, established that appellant was in custody pursuant to a commitment issued by a United States Commissioner.

A careful examination of the record discloses that defendant was afforded a fair trial and his constitutional rights were fully protected.

The judgment is affirmed.