**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin Houston RIGDON, Defendant-
Appellant.**

**No. 71–1353.**

United States Court of Appeals,
Sixth Circuit.

May 2, 1972.

Joseph C. Bullock (Court appointed),
Cincinnati, Ohio, for defendant-appel-
lant.

Moss Noble, Asst. U. S. Atty., Lexing-
ton, Ky., for plaintiff-appellee; Eugene
E. Siler, Jr., U. S. Atty., Lexington, Ky.,
on brief.

Before EDWARDS, PECK and KENT,
Circuit Judges.

PER CURIAM.

The appellant, Melvin Houston Rig-
don, was tried before a jury and found
guilty of a violation of 18 U.S.C. § 2113
(a) and (d) (Bank Robbery). On this
direct appeal, the appellant challenges
the District Court's denials of his peti-

tions for writs of habeas corpus ad testificandum at government expense pursuant to Federal Rule of Criminal Procedure 17(b). The appellant requested subpoenas be issued for seven witnesses, all of whom were at the time incarcerated in the Federal Penitentiary in Atlanta, Georgia. All seven requests were denied; however, the appellant has appealed only from the denials as to two of the witnesses.

In his affidavit, the appellant stated only that the witnesses would "testify and verify the whereabouts of the defendant at the time this crime was allegedly committed," that the testimony of these witnesses was material to his defense, and that he could not safely go to trial without the witnesses named because he could not otherwise account for his whereabouts or establish his innocence.

■ Federal Rule of Criminal Procedure 17(b) provides:

"The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense."

Prior to being amended in 1966, this rule placed a far more onerous burden upon a defendant wishing to subpoena witnesses at government expense. However, although the amended rule removed the objectionable compulsory disclosure requirements of the rule, the defendant still must make a showing satisfactory to the District Judge that the presence of the witness is necessary to an adequate defense of his case. In this determination, the District Court is vested with a wide discretion, Welsh v. United States, 404 F.2d 414 (5th Cir. 1968), and "a reviewing court should not reverse unless the exceptional circumstances of the case indicate that defendant's right to a complete, fair and adequate trial is jeopardized." Terlikowski v. United States, 379 F.2d 501, 508 (8th Cir. 1967). This discretion is necessary to prevent abuses often attempted by defendants. E. g.: Speers v. United States, 387 F.2d 698 (10th Cir. 1967), cert. denied, 391 U.S. 956, 88 S.Ct. 1864, 20 L.Ed.2d 871 (1968). Compare Findley v. United States, 380 F.2d 752 (10th Cir. 1967) (no abuse) to Hathcock v. United States, 441 F.2d 197 (5th Cir. 1971) (abuse of discretion).

■ In United States v. Conder, 423 F.2d 904 (6th Cir. 1970), this Court held that the mere allegation that the witnesses would be necessary for "alibi as well as impeachment purposes" was too general a statement to meet the requirements of the rule. The appellant's allegations here are similarly lacking in particular facts concerning the claimed alibi; they are the broadest of generalities and do not constitute a sufficient averment of facts to satisfy the requirements of Rule 17(b). It is to be noted that at the time of trial, these prisoners were incarcerated in Federal penitentiaries at Atlanta, Georgia, and Marion, Illinois. The Court may consider the expense to the government and more particularly the danger to the public inherent in transporting inmates over these distances. Additional appropriate factors for consideration include the uncontradicted assertion of the government that at least one of the seven prisoners was imprisoned at LaGrange, Kentucky, on the date of the bank robbery and could not possibly know about the appellant's activities on that date; these facts are reflected by the records of the District Court for the Eastern District of Kentucky, and the District Judge was empowered to take judicial notice of such records. In such circumstances we conclude that denial of the petitions for writs of habeas corpus ad testificandum did not constitute an abuse of discretion.

The judgment of the District Court is affirmed.

EDWARDS, Circuit Judge (dissenting).

This to me is a bothersome case. Appellant was convicted of bank robbery after jury trial before the United States District Court in the Eastern District of Kentucky. He was sentenced to and is now serving 20 years. He has taken a direct appeal, claiming reversible error in the fact that the District Judge refused his attorney's motion for compulsory process for two witnesses (both at the time serving federal sentences) whom appellant swore would testify to his whereabouts at the time the crime was committed and thus establish his innocence.

The District Judge conducted a hearing on appellant's motion (which also applied to five other federal prisoners) but, unfortunately, there is no transcript of what transpired there in the appellate record. Nor are there any findings of fact by the District Judge or any reasons given for the denial, except the statement that at the hearing he had found "that the testimony of those winesses . . . was not sufficient to justify the court in having them brought here at the expense of the United States."

Appellant's sworn affidavit, however, makes clear that he asserts innocence and that the two proposed witnesses who are the subject of his appeal could have testified to his whereabouts on the date in question:

"(a) James Dennis LaFollette (No. 92864), United States Penitentiary, Atlanta, Georgia:

This witness will testify and verify the whereabouts of the defendant at the time this crime was allegedly committed.

"(b) Donald Saag (No. 90358), United States Penitentiary, Atlanta, Georgia:

This witness will also verify and testify as to the whereabouts of the defendant at the time the crime was allegedly committed.

\* \* \* \* \* \*

"(3) The evidence of each of the above-named witnesses is material to the defense in that it establishes the innocence of the defendant.

"(4) The defendant cannot safely go to trial without the witnesses named because he cannot otherwise account for his whereabouts or establish his innocence."

On the face of this record, this seems adequate to comply with the language of Rule 17(b) as liberalized in the 1966 Amendment of the Federal Rules of Criminal Procedure:

"(b) *Defendants Unable to Pay.* The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant *upon a satisfactory showing* that the defendant is financially unable to pay the fees of the witness and *that the presence of the witness is necessary to an adequate defense.* If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government." Fed.R.Crim.P. 17(b). (Emphasis added.)

The only other basis for judicial review of this matter which this record provides is the following argument set forth without record support [1] in the government brief:

"Writer (as the order indicates) attended the hearing on February 9th which was somewhat extended. The burden imposed upon the government, and the dangers inherent in bringing seven long-term convicts to local jails were considered by the Court. The Court gave further consideration to the improbability of any of these seven

---

1. Dealing with this issue should not be construed as approval of the violation of the Federal Rules of Appellate Procedure involved herein.

convicts having personal knowledge of the crime charged. The Court sought but was not advised in any way with respect to any material evidence either of these convicts would offer.

"Harold Staton, one of the convicts appellant sought to bring to Lexington from Atlanta to testify, was convicted on July 12, 1965, in the Eastern District of Kentucky on a charge of possessing counterfeit money, and given a sentence of ten years. Staton was brought into District Court for trial on a Writ of Habeas Corpus Ad Prosequendum directed to the Warden of Kentucky State Reformatory at La Grange, Kentucky, where he was serving a long state sentence. He was returned to said prison immediately after his trial was concluded. He remained incarcerated at La Grange until May 12, 1967, at which time he was released to federal authorities and taken to Atlanta. These facts are reflected by the records of the District Court for the Eastern District of Kentucky. Judge Swinford was empowered to take judicial notice of such records.

"Thus, it is established that Staton was, on November 12, 1965 (the date of the bank robbery), in prison at La Grange, Kentucky. He could not possibly know about appellant's activities on November 12, 1965.

"Appellant attempted to commit a fraud on the Court when he sought to subpoena Staton at government expense."

Appellant's affidavit concerning his proposed witness Staton was, however, both too vague to warrant issuance of the subpoena, and in my judgment, too vague on its face to represent perjury or fraud:

"(e) Harold Staton (No. 90681) United States Penitentiary, Atlanta, Georgia:

This witness will establish and verify the lack of probable cause for any arrest made of the defendant in the days subsequent to commission of this alleged felony."

This could well, as far as we can tell from what we have before us, represent an attempt to tender impeaching testimony pertaining to the chief government witness, Freeman, who was also in federal confinement.

Further, at trial of this case the government proofs were full and complete about the fact that two men robbed the bank in question. But ·there was not one witness or exhibit which offered the slightest confirmation that appellant was one of the bandits, except the admittedly guilty, self-asserted accomplice, Freeman. As to him appellant testified, admitted associating with him before and after the date of the crime, flatly denied participation in or knowledge of it, and tendered a motive (confirmed by Freeman) in a phone call where Freeman asked him to get him $2,000 for his defense of this bank robbery charge and appellant refused.

Appellant was convicted on the unsupported word of an accomplice.

He received a sentence of 20 years.

The jury which tried him reported to the District Judge at one point that they were hopelessly deadlocked.

The government was allowed compulsory process to produce Freeman and appellant, both of whom were in federal confinement. With all the problems involved in moving federal convicts around, I do not think that this record shows that the denial of process for these two witnesses was consistent with Rule 17(b) or, for that matter, with the Sixth Amendment right to compulsory process.

I would reverse for new trial.