**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Irby SPROUSE, Jr., Defendant-
Appellant.**

**No. 72–1173.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 15, 1972.

Decided Jan. 31, 1973.

Certiorari Denied May 7, 1973.
See 93 S.Ct. 2164.

---

2. Flohr could have been sentenced to a maximum of 15 years on each count. See 18 U.S.C. §§ 471 and 472.

Charles C. Peterson (Court Apptd.) Waynesboro, Tenn., on brief, for defendant-appellant.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., on brief.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellant was convicted in a jury trial of a violation of 18 U.S.C. § 2314 for the interstate transportation of a forged security. His appeal is based on two contentions. He first claims that the trial court's denial of his motion under Rule 17(b) of the Federal Rules of Criminal Procedure was improper. His second assertion is that the warrantless search of his car was unreasonable under the Fourth Amendment.

 A Rule 17(b) motion for the production of defense witnesses at government expense [1] requires a showing of indigency on the part of the defendant. This is a threshold requirement which must be met even before the discretion of the trial court is addressed to the issue of whether the proposed witness is necessary to an adequate defense.

 The defendant's Rule 17(b) motion was made one week before trial date by retained counsel, since deceased. The motion, which was in the form of a letter, did not even allege indigency, which is required by the rule. The trial court's denial of this motion was not an abuse of its discretion, United States v. Rigdon, 459 F.2d 379 (6th Cir. 1972), and will not be disturbed on appeal.

 Defendant's car was searched when he was arrested in Kansas on an unrelated charge. The search revealed blank checks, blank social security cards, a check dater, many drivers' licenses in different names and private pilot licenses. Although the search was warrantless, we hold that the Kansas patrolmen had probable cause to arrest defendant. They had been informed, through the National License Information Center, that there was an outstanding Kentucky warrant for defendant's arrest on a charge of interstate transportation of stolen property.

The search was squarely within the well recognized "automobile" exception to the Fourth Amendment's warrant requirement outlined in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Appellant's reliance on Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), is misplaced. The Kansas officers were justified in searching the car for contraband while arresting the defendant on probable cause for interstate transportation of stolen goods. The admission into evidence of the fruit of this search was, therefore, proper.

Affirmed.

---

1. Rule 17(b) reads as follows:

*(b) Defendants Unable to Pay.* The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.