**Dominick DiGIRLOMO, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 75–1286.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1975.

Decided July 18, 1975.

Rehearing and Rehearing En Banc Denied Aug. 12, 1975.

Certiorari Denied Dec. 15, 1975. See 96 S.Ct. 565.

Lawrence H. Pelofsky, Kansas City, Mo., for appellant, Dominick DiGirlomo.

Sidney M. Glazer, U. S. Dept. of Justice, App. Sec., Crim. Div., Washington, D. C., for appellee, United States of America.

Before GIBSON, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

Dominick DiGirlomo appeals from an order of the District Court directing that he be placed in confinement for his refusal, without just cause, to comply with a previous order of the court to testify before a federal grand jury. The order of confinement was issued pursuant to 28 U.S.C. § 1826(a).[1] The respondent contends, as he did in the court below, that he has "just cause" for his refusal to testify. His defense is premised upon the claim that the special attorneys who conducted the grand jury proceedings were not properly authorized by the Attorney General within the meaning of 28 U.S.C. § 515(a). We affirm the order of the District Court.

The grand jury proceedings to which the respondent refused to testify were conducted by Special Attorneys William E. Zleit, Gary T. Cornwell, Philip J. Adams, Jr., and William Tetrick. Each is a full-time government attorney of the Department of Justice. Their authorization to conduct the grand jury proceedings at issue was given by letters of appointment from the office of the Attorney General made pursuant to 28 U.S.C. § 515(a). The statute reads:

1. The statute reads:

Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document,

* * * The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

The letter of appointment to Adams is representative of that received by each special attorney. It reads:

Dear Mr. Adams:

The Department is informed that there have occurred and are occurring in the Western District of Missouri and other judicial districts of the United States violations of federal criminal statutes by persons whose identities are unknown to the Department at this time.

As an attorney at law you are specially retained and appointed as a Special Attorney under the authority of the Department of Justice to assist in the trial of the aforesaid cases in the aforesaid district and other judicial districts of the United States in which the Government is interested. In that connection you are specially authorized and directed to file informations and to conduct in the aforesaid district and other judicial districts of the United States any kind of legal proceedings, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized to conduct.

Your appointment is extended to include, in addition to the aforesaid

record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. * * *

cases, the prosecution of any other such special cases arising in the aforesaid district and other judicial districts of the United States.

You are to serve without compensation other than the compensation you are now receiving under existing appointment.

Please execute the required oath of office and forward a duplicate thereof to the Criminal Division.

Sincerely,

HENRY E. PETERSEN

Assistant Attorney General

The letters to Zleit and Tetrick were also signed by Assistant Attorney General Henry E. Petersen. Cornwell's letter was signed by Acting Assistant Attorney General John C. Keeney.[2]

The respondent contends that the letters of appointment to the special attorneys fail to comply with 28 U.S.C. § 515(a) for three reasons. First, the letters are too broad because they do not "specifically direct" the special attorneys within the meaning of the statute. Second, the Attorney General cannot under the statute delegate his powers to a subordinate officer of the Department of Justice. Third, there is no proof that the letters of appointment were actually signed by the purported signators and they should not have been admitted into evidence.

■ The respondent's first two arguments have been decided adversely to him in *United States of America v. William Wrigley,* 520 F.2d 362 (8th Cir. 1975) and *United States of America v. Salvatore Ross Agrusa,* 520 F.2d 370 (8th Cir. 1975). *Accord, In re Grand Jury Subpoena of Alphonse Persico,* 522 F.2d 41 (2nd Cir. 1975). In *Wrigley,* we held that letters of appointment which specifically direct the special attorneys to conduct grand jury proceedings in the Western District of Missouri satisfy 28 U.S.C. § 515(a). In *Agrusa,*

we held that the Attorney General could, pursuant to 28 U.S.C. § 510, delegate his authority under 28 U.S.C. § 515(a) to subordinate officers of the Department of Justice. The legal and factual contentions raised here are the same as those previously presented. There is no reason to depart from those holdings here.

■ The final argument of the respondent is equally unavailing. The letters of appointment received into evidence were copies authenticated by the certificate of the clerk of court and properly admitted. *See United States v. Morris,* 451 F.2d 969, 972 (8th Cir. 1971); *United States v. Hudson,* 479 F.2d 251, 253 (9th Cir. 1972), *cert. denied,* 414 U.S. 1012, 94 S.Ct. 377, 38 L.Ed.2d 250 (1973); 28 U.S.C. § 1733; Federal Rules of Evidence 902, *see* Pub.L.No. 93–595 (January 2, 1975) (effective July 1, 1975); McCormick on Evidence (2nd Ed. 1972) at 557.

Affirmed.

---

2. Cornwell received an earlier letter of appointment signed by Deputy Attorney General Richard G. Kleindienst which the respondent contends has been superseded by the later letter. For the purposes of this appeal, we accept the respondent's contention.