**UNITED STATES of America, Plaintiff,**

v.

**John GOTTI and Frank Locascio, Defendants.**

**No. CR–90–1051(S–1).**

United States District Court, E.D. New York.

Feb. 10, 1992.

Andrew J. Maloney, U.S. Atty., John Gleeson, Laura Ward and Patrick Cotter, Asst. U.S. Attys., Brooklyn, N.Y., for U.S.

Albert J. Krieger, Miami, Fla., for John Gotti.

John W. Mitchell, New York City, and Anthony M. Cardinale, Boston, Mass., for Frank Locascio.

MEMORANDUM AND ORDER

GLASSER, District Judge:

The defendants have presented to the court for signature two writs of *habeas corpus ad testificandum.* The first directed to Assistant United States Attorney John Gleeson, would command him to produce Donald Frankos (who is detained in the Witness Protection Program) no later than February 7, 1992 and thereafter to

hold him in the Metropolitan Correction Center until the conclusion of his testimony, at which time he would be returned to the Witness Protection Program. The second is directed to the Warden of the United States Penitentiary in Marion, Illinois commanding him to produce Nicodemo Scarfo no later than February 7, 1992 and requiring Scarfo thereafter to be detained and returned similarly to Donald Frankos. The submissions are starkly bare of any facts which would inform the court's discretion regarding their execution. This observation, implying that the defendants must do something more than submit the writ for signature, requires some explication.

As a general rule, the issuance of witness subpoenas in criminal cases is governed by Federal Rule of Criminal Procedure 17(b), which provides:

> The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense.

The procedure followed here—namely, a writ of *habeas corpus ad testificandum*, rather than a subpoena—is the proper procedure where the presence of a prisoner is sought to be secured. The reason for the distinction is that a subpoena commands the prospective witness to attend, whereas the writ *ad testificandum* commands the custodian of the potential witness to produce him.

■ The authority of the court to compel the attendance of an inmate witness, although not found in Rule 17(b), is to be found in the conjoint reading of 28 U.S.C. § 2241(c)(5) and 28 U.S.C. § 1651(a) (The All Writs Act). *See United States v. Rinchack*, 820 F.2d 1557, 1567 (11th Cir.1987); *United States v. Garmany*, 762 F.2d 929, 934 n. 4 (11th Cir.1985), *cert. denied*, 474 U.S. 1062, 106 S.Ct. 811, 88 L.Ed.2d 785 (1986). Defendants in criminal cases who have requested the issuance of writs *ad testificandum* have, however, been required to comply with the requirements of Rule 17(b). *Rinchack, supra; Garmany, supra; United States v. Rigdon*, 459 F.2d 379, 380 (6th Cir.1972), *cert. denied*, 409 U.S. 1116, 93 S.Ct. 917, 34 L.Ed.2d 700 (1973); *Peppard v. United States*, 314 F.2d 623, 625 (8th Cir.1963). As a threshold matter, the grant or denial of a Rule 17(b) motion is committed to the discretion of the court and, by extension, so too is the grant or denial of a petition for a writ *ad testificandum*. *Rinchack*, 820 F.2d at 1567; *see also United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982); *United States v. Webster*, 750 F.2d 307 (5th Cir.1984), *cert. denied*, 471 U.S. 1106, 105 S.Ct. 2340, 85 L.Ed.2d 855, 471 U.S. 1106, 105 S.Ct. 2341, 85 L.Ed.2d 856 (1985); *United States v. Wyman*, 724 F.2d 684 (8th Cir.1984); *United States v. Espinoza*, 641 F.2d 153 (4th Cir.), *cert. denied*, 454 U.S. 841, 102 S.Ct. 153, 70 L.Ed.2d 125 (1981); *United States v. Bowman*, 636 F.2d 1003 (5th Cir.1981); *United States v. Sims*, 637 F.2d 625 (9th Cir.1980); *United States v. Romano*, 482 F.2d 1183 (5th Cir.1973), *cert. denied* 414 U.S. 1129, 94 S.Ct. 866, 38 L.Ed.2d 753 (1974); *United States v. Morris*, 451 F.2d 969 (8th Cir.1971); *United States v. Conder*, 423 F.2d 904 (6th Cir.), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970).

■ Among the requirements of Rule 17(b) with which the defendants must comply is a showing that the presence of the witness is necessary for an adequate defense. Other requirements which the court may consider in exercising its discretion are: whether the presence of the prisoner will advance the disposition of the case; the security risks presented by permitting the prisoner to testify in court; the danger to the public inherent in transporting prisoners over long distances; whether the witness to be called could offer evidence that was relevant; and whether the evidence to be offered, although relevant, was cumulative. *See*, in addition to the cases cited above, *United States v. Fountain*, 768 F.2d 790, 797 (7th Cir.1985), *cert. denied*, 475 U.S. 1124, 106 S.Ct. 1647, 90 L.Ed.2d 191 (1986); *United States v. Garza*, 664

F.2d 135 (7th Cir.1981), *cert. denied*, 455 U.S. 993, 102 S.Ct. 1620, 71 L.Ed.2d 854 (1982); *United States v. Micklus*, 581 F.2d 612 (7th Cir.1978); *United States v. Taylor*, 562 F.2d 1345 (2d Cir.), *cert. denied*, 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977); *Rigdon, supra.* A moment's reflection reveals the propriety, if not the necessity, of weighing those factors in determining whether the writ should issue. Were it otherwise and were the court to be obliged to grant the writ merely for the asking, production of prisoners whose presence would serve no legitimate purpose could be commanded, possibly creating serious security and other problems for the local facility in which they would have to be housed.

As has already been stated, the requests by the defendants for the production of the persons named is supported by no showing of any basis which would move the court, in the sound exercise of its discretion, to grant them. The defendants bear the burden of showing the necessity for their presence and the relevance of their testimony, and a failure to sustain it, which is the case here, is a legitimate basis for denying the request. *Rinchack*, 820 F.2d at 1568; *Sims*, 637 F.2d at 629; *Taylor*, 562 F.2d at 1362. The denial of the requests makes it unnecessary to consider whether the cost of transporting and housing the witnesses requested could properly be imposed upon the defendants were the writs to be granted. *See Garmany, supra.*

Two other observations may be in order. First, the writ that would command the presence of Donald Frankos is directed to John Gleeson, an Assistant United States Attorney. It is not likely that Mr. Gleeson is the custodian of Frankos. Second, it would appear that the writs were requested *ex parte* pursuant to Rule 17(b). *See United States v. Espinoza*, 641 F.2d 153, 158 (4th Cir.), *cert. denied*, 454 U.S. 841, 102 S.Ct. 153, 70 L.Ed.2d 125 (1981). To be compared with *Espinoza* are cases such as *United States v. Sohappy*, 770 F.2d 816, 825 (9th Cir.1985), *cert. denied*, 477 U.S. 906, 106 S.Ct. 3278, 91 L.Ed.2d 568 (1986); *United States v. Ramirez*, 765 F.2d 438, 441 (5th Cir.1985), *cert. denied*, 474 U.S.

1063, 106 S.Ct. 812, 88 L.Ed.2d 786 (1986); *United States v. Bowman*, 636 F.2d 1003, 1013 (5th Cir.1981); *United States v. Smith*, 436 F.2d 787, 790 (5th Cir.), *cert. denied* 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); and *Greenwell v. United States*, 317 F.2d 108, 110 (D.C.Cir.1963). Those cases clearly contemplate that the government be given an opportunity to respond to a 17(b) request. Research has not disclosed any case in which the Second Circuit has addressed the issue.

For the foregoing reasons, the defendants' requests for writs of *habeas corpus ad testificandum* are denied.

SO ORDERED.