**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Timothy Gibson McCARTY, Defendant-Appellant.**

**No. 20987.**

United States Court of Appeals, Sixth Circuit.

April 5, 1971.

---

Joe P. Binkley, Jr., Nashville, Tenn., (Court appointed) on brief for defendant-appellant.

Charles H. Anderson, U. S. Atty., Ira E. Parker, III, Asst. U. S. Atty., Nashville, Tenn., on brief for plaintiff-appellee.

Before McCREE, BROOKS, and KENT, Circuit Judges.

PER CURIAM.

This appeal presents the single issue whether the District Judge erred in denying appellant's request for a special instruction concerning the testimony of an expert witness in a prosecution for the interstate transportation of a forged cashier's check in violation of 18 U.S.C. §§ 2314 and 2. At the conclusion of the charge to the jury, the judge permitted counsel to offer objections to his instructions or to request special instructions before the jury retired, as provided by Rule 30, Fed.R.Crim.P., and appellant's counsel requested the following instruction:

Expert's testimony is to be given no greater weight than that of other witnesses simply because he is an expert.

The court denied the instruction as "not a correct statement of the law".

At the outset, we agree that the handwriting expert's testimony which was the subject of the requested instruction, was a critical part of the government's case, and that if the court erred in rejecting the request, the error should not be disregarded as harmless.

The court's instructions on this point were as follows:

The witness who by education and experience has become expert in any art, science, profession or calling may be permitted to state his opinion as to a matter in which he is versed and which is material to the case and may also state the reasons for such opinion. You should consider such expert opinion as has been received in evidence in this case and give it such weight as you consider it deserves.

Now, if after you consider all of the elements that I have directed you to in regard to weighing the testimony of a witness, you believe his testimony, then you have a right to do that. You have a right to act upon that belief even though there may be matters tending to discredit him.

Of course, if you find that any witness in this case has willfully testified falsely as to any material matter you are at liberty to disregard entirely the testimony of that witness if you think it is entirely worthless. You don't have to do that if you think that some part or parts of it are worthy of belief.

It is clear that a judge is not required to give a requested instruction if his charge, considered as a whole, includes the principle of the tendered instruction. United States v. Carabbia, 381 F.2d 133, 138 (6th Cir. 1967), cert. denied, 389 U.S. 1007, 88 S.Ct. 564, 19 L.Ed.2d 602 (1967). Here, although the

judge was in error in his statement that the tendered instruction was incorrect, his charge taken as a whole included its purport.

The requested charge was intended to instruct the jury that an expert witness is just another witness as far as the weight to be given his testimony is concerned. The court's instruction, however, indicated that there is no hierarchy of witnesses and therefore included the substance of the requested charge. Although the instruction might have been more clearly phrased, no prejudicial error was committed.

After a review of the record, and upon consideration, we have concluded that the issues raised herein are so unsubstantial as not to require further argument. Accordingly, the judgment is affirmed pursuant to 6th Cir. R. 8.