**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul Lewis RIDLEY, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Edward GREENLEE, Defendant-Appellant.**

**Nos. 74–2281, 74–2282.**

United States Court of Appeals, Sixth Circuit.

July 29, 1975.

John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendants-appellants in Nos. 74–2281 and 74–2282.

Edward F. Hurd, Newport, Tenn., for defendant-appellant in No. 74–2282.

John L. Bowers, U. S. Atty., Knoxville, Tenn., Edward E. Wilson, Asst. U. S. Atty., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and McCREE, Circuit Judge, and FEIKENS*, District Judge.

PER CURIAM.

Paul Ridley and James Greenlee appeal from their convictions in a "moonshine" whiskey case. A third defendant, Ikie Junior Taylor, has not appealed. Ridley was convicted of both conspiracy and the substantive counts of selling,

---

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

transferring and transporting unstamped distilled spirits. He was also convicted of aiding and abetting in the sale and transport of unstamped liquor. Greenlee was acquitted on the conspiracy and several of the substantive counts, but was convicted of aiding and abetting Ridley in the selling, and transferring of unstamped liquor on October 11, 1973.[1]

Greenlee contends that the trial judge erred in failing to give his requested jury instruction number 2 relating to "procuring agents". The basis underlying the "procuring agent" theory is essentially proprietary interest; that is, the agent cannot sell to his principal that which his principal already owns. *United States v. Barcella,* 432 F.2d 570 (1st Cir. 1970). This type of instruction has no place in this case as Greenlee is charged not with sale and transfer, but with aiding and abetting *Ridley* in the sale and transfer. The proprietary interest here involved is not Greenlee's but Ridley's. Additionally, the testimony shows a continuing relation between Greenlee and Ridley. As pointed out in *United States v. Winfield,* 341 F.2d 70 (2d Cir. 1965), the procuring agent theory is only applicable when the "agent" purchases "from a third person with *whom he was not* associated in selling". (Emphasis added.)

Defendant Greenlee also argues that the court erred in instructing the jury that it could use evidence of his earlier conviction to determine criminal intent in this case. Certainly evidence of an earlier conviction for a similar offense carries great weight in a case such as this where the principal defense is illegal entrapment,[2] and the main issue thereby becomes the defendant's predisposition. *See United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1972). The district judge here meticulously instructed the jury that it was not to consider the prior conviction until it found defendant had done the acts charged in this indictment. Only after finding that the prior acts were similar to those here charged could they be considered, and then only to prove willfulness and specific intent. These instructions minimized any chance of prejudice in the jury's considering what was clearly admissible evidence. *United States v. Nemeth,* 430 F.2d 704 (6th Cir. 1970).

Both defendants argue that the court erred in instructing the attorneys not to discuss the law in their closing arguments. At oral argument in this court counsel for the appellant candidly admitted that he argued relevant portions of the law to the jury, and that the trial judge did not interrupt him. He was permitted to allude to relevant legal standards and emphasize those facts which he felt important to his defense.

Finally, defendant Ridley argues that his conspiracy conviction must be reversed because the trial judge failed to give the following requested instruction:

"Mere association with conspirators or knowledge of the illegal activity is not in itself sufficient evidence to prove that a particular defendant became a member of the conspiracy."

However, the court did give a complete and comprehensive conspiracy charge which included the substance of the alleged charge. These instructions contained a warning that mere association did not necessarily establish proof of the crime, nor did the presence of defendant at either the scene of the crime or at various meetings with defendants. The essence of the crime was carefully described as "knowingly and willfully *participat[ing]* in the unlawful *plan* with the intent to advance or further some object

---

1. In Counts VII and VIII Greenlee was charged with aiding and abetting Ridley in selling (Count VII) and transferring (Count VIII).

2. In *United States v. Ring,* 513 F.2d 1001 (6th Cir. 1975), this court emphasized the impor-

tance of not using this principle to admit evidence loosely. The proof of a similar act must be offered in support of an essential element in the government's case which is generally contested. If such proof is not material in this sense, it should not be admitted.

or purpose of the conspiracy." (Emphasis added.)

Taken as a whole, this instruction accurately reflects the law. When the complete charge includes the substance of defendants' requests, the latter need not be given verbatim. *United States v. McCarty,* 440 F.2d 681 (6th Cir. 1971).

Affirmed.