**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William L. HERRON, Jr., Defendant-Appellant.**

**No. 76–1691.**

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 14, 1976.

Decided March 25, 1977.

David W. Lamar, Owensboro, Ky. (Court-appointed), for defendant-appellant.

George J. Long, U. S. Atty., James H. Barr, Asst. U. S. Atty., Louisville, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Appellant, William L. Herron, Jr., appeals from jury convictions in the United States District Court for the Western District of Kentucky on two counts of kidnapping (18 U.S.C. Sec. 1201(a)) and one count of interstate transportation of a stolen motor vehicle (18 U.S.C. Sec. 2312).

On April 11, 1975, the day these offenses were committed, the appellant was confined in the Kentucky State Penitentiary at Eddyville, Kentucky, where he was serving a

life sentence for murder. This offense is unrelated to the offenses now before this Court which were committed to enable the appellant to escape from his life imprisonment for murder.

On the day in question, Dwight Martin, a guard at the Penitentiary, was assigned to transport the appellant and one other prisoner, Bobby Lee Watts, to Trover Clinic in Hopkins County, Kentucky, where they had appointments to see a physician. On the return trip the appellant assaulted the guard with a firearm and forced him to drive to a spot outside of Nashville, Tennessee. There he handcuffed the guard and Watts, chained them to a tree and escaped.

This is the substance of the offenses for which the appellant was indicted by the Grand Jury for the Western District of Kentucky, tried before a jury and convicted as above stated. He was sentenced to life imprisonment on the kidnapping charges and to five years imprisonment for transportation of a stolen motor vehicle. The sentences were ordered to run consecutively to each other and consecutive to the life sentence he was then serving in the Kentucky State Penitentiary.

The appellant's sole defense was that he had entered into a bribery agreement with Martin, the guard, whereby he had consented to participate in this plan to allow the appellant to escape. The appellant testified in great detail how he had planned this escape with Martin, how he had paid him money and how Martin laid his gun on the seat so the appellant could get it. Accordingly, he testified that chaining Martin and Watts to a tree was a ruse to carry out the appearance of a forced kidnapping and taking control of the automobile. Martin denied the entire story.

This testimony presented a factual issue for the jury to decide. The jury apparently disbelieved the appellant's story and returned a verdict of guilty on all three counts.

One of the assignments of error is that the trial judge failed to instruct the jury on the appellant's affirmative defense.

Counsel for appellant tendered a detailed instruction to the effect that the appellant could not be found guilty if Martin and Watts consented to be transported to Tennessee. The instruction also stated that the consent could be express or implied and then defined express and implied consent.

We consider that the District Judge gave adequate instruction on the law of the case. Under the instructions, as given, the jury could not have found the appellant guilty if there had been consent on the part of Martin. The trial judge gave instructions in part, as follows:

"First, the act or acts of transporting a person in Interstate Commerce, as charged in the Indictment and (2) the doing of such act or acts knowingly and wilfully while such person was unlawfully seized or confined or inveigled or kidnapped or carried away and held for ransom or reward or otherwise.

"As charged, the burden is upon the prosecution to prove beyond a reasonable doubt every essential element of the crime charged.

\* \* \* \* \* \*

"The term 'kidnapped' as used in Counts One and Two, means forcibly and unlawfully to abduct or steal or carry away a person and detain him or keep him or confine him against his will.

"The term 'inveigled' as used in Counts One and Two, means to lure or entice or lead astray by false representation or promise or other deceitful means.

\* \* \* \* \* \*

"Involuntariness or coercion in connection with the victims' seizure and detention is an essential element of this crime. Such coercion must also be done with a wilful intent by the accused to confine or restrain his victim and it may be achieved by mental as well as physical means.

\* \* \* \* \* \*

"An act is done knowingly, as used in these instructions if it is done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

"An act is done wilfully as used in these instructions if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with bad purpose, either to disobey or disregard the law."

The instructions as a whole adequately protected the appellant under his affirmative defense. .

"A trial judge is not required to give a requested instruction if the subject matter of the instruction is substantially covered in the judge's general charge." *United States v. Carabbia,* 381 F.2d 133, 138 (6th Cir.), *cert. den.,* 389 U.S. 1007, 88 S.Ct. 564, 19 L.Ed.2d 602. See also *United States v. McCarty,* 440 F.2d 681, 682 (6th Cir.).

Another assignment of error is that the trial judge erred in his refusal to subpoena at government expense certain witnesses. Counsel for appellant moved the Court for an order directing the Clerk to issue subpoenas at government expense for Henry E. Cowan, Superintendent, Kentucky State Penitentiary and Ernest Johnson, inmate of the Penitentiary. The trial judge overruled this motion and these witnesses were not subpoenaed. The only point made in the brief is the failure to subpoena Johnson.

■ In the affidavit in support of the motion, it is alleged that;

"The testimony of Ernest Johnson is necessary in that Mr. Johnson will testify that Dwight Martin and the defendant herein, William L. Herron, had been seen in private discussions which appeared to him to be suspicious."

In denying the motion, the District Judge stated;

"The presence of a prisoner, Ernest Johnson, is alleged to establish that he *saw* Dwight Martin and William Herron in private discussions (not that he overheard the conversations) and to further establish that the discussions appeared to be 'suspicious.' Such evidence would not be competent or admissible."

The affidavit does not state where or when the discussions took place, how long they lasted or what the facts were that made them appear suspicious. We do not consider that the affidavit contains a sufficient averment of facts to constitute a substantial showing that the witness would be necessary to the presentation of an adequate defense for the appellant. *United States v. Conder,* 423 F.2d 904, 909 (6th Cir.), *cert. den.,* 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267. See also *United States v. Rigdon,* 459 F.2d 379, 380 (6th Cir.), *cert. den.,* 409 U.S. 1116, 93 S.Ct. 917, 34 L.Ed.2d 700.

Under Rule 17(b) of F.R.Cr.P. it is discretionary with the trial judge to issue a subpoena at government expense "upon a satisfactory showing * * * that the presence of the witness is necessary to an adequate defense." We conclude that the trial judge did not abuse his discretion in refusing to issue the subpoena as requested.

■ We find no merit to the claim that the trial judge erred in overruling counsel's motion that the appellant be given a psychiatric examination. Counsel supports his motion by an affidavit, as follows:

"That this attorney, in his discussions with the Defendant, William L. Herron, has come to believe that there is reason to believe that the Defendant may be suffering from some kind of psychiatric disease and that this disease may effect the Defendant's ability to assist in his defense at the trial."

The attorney does not state what facts lead him to believe that the Defendant is suffering from some kind of psychiatric disease.

From the record it is apparent that there is no dispute about the facts of the substantive offenses. The only possible defense the appellant could have had is the one he asserted; that is, that through bribery the guard consented to his plan for escape. This defense the appellant testified to in great detail and seemingly had no difficulty in expressing himself or in aiding his counsel in maintaining that defense. He created a factual defense for submission to the jury. Unfortunately, for him, the jury did not believe his story.

■ Finally, it is claimed on behalf of the appellant that the trial judge erred in intervening in plea bargaining between the appellant and appellee before trial by giving the appellant an ultimatum. This would be a serious charge if it were substantiated.

Counsel for appellant attempts to support this charge by an affidavit in his brief, as follows:

"Comes David W. Lamar, attorney for Appellant, and after being duly sworn states as follows:

"That he was the duly appointed attorney for the Appellant, William L. Herron, and that the trial of the matter was set by the Court for February 4, 1976; that on the morning of February 4, 1976, at approximately 8:30 a. m., Mr. Ron Smith, who is employed by the Federal Office of the Department of Probation for the Western District of Kentucky came to my office located at 422 Frederica Street, Owensboro, Kentucky, which is directly across the street from the Federal Building where the trial was to be held; that Mr. Smith asked to speak with me privately and that when in private, he informed me that Judge Gordon, the presiding Judge of the trial, had told him to tell me that William L. Herron had better plead guilty and get 25 years according to the Assistant U.S. Attorney's offer because if he didn't and was found guilty by a jury, then the Judge would see to it that Herron would get the maximum allowed by law and that the Judge would personally see to it that he never got out; that I informed Mr. Smith that I would relay the message to Mr. Herron, which I did.

"That previous to this meeting with Mr. Smith, I had been in communication with Mr. Alexander T. Taft, Jr., Assistant U.S. Attorney who was in charge of the prosecution of Mr. Herron; that Mr. Taft offered Mr. Herron through me that if he would plead guilty to all counts of the indictment, that he would receive 25 years on each count of kidnapping and 5 years on the transportation of stolen motor vehicle across state lines charge, all to run concurrently, for a total of 25 years.

"Further the affiant saith not.

"This the 7th day of July, 1976.

/s/ David W. Lamar /s/
DAVID W. LAMAR
Attorney for Defendant

"Subscribed and sworn to before me by David W. Lamar on this the 7th day of July, 1976.

/s/ Shirley Hagen /s/
"NOTARY PUBLIC, State at Large, Ky.
My Commission expires: 1–13–80"

We do not find that this affidavit was made a part of the record of the trial.

It is charged that Ron Smith of the Federal Probation Department delivered an ultimatum from the presiding judge to the effect that the defendant had better plead guilty or else the judge would see to it that he would get the maximum sentence allowed by law. This court has held that it is improper for a district judge to penalize a defendant for exercising his constitutional right to plead not guilty and go to trial. *United States v. Derrick,* 519 F.2d 1 (6th Cir. 1975).

However, in the present case the record does not disclose that any effort was made to question Ron Smith concerning the matter. The trial judge disavowed any knowledge of plea bargaining and we must accept that.

The trial judge gave the appellant a severe sentence but, from the reasons stated by the judge at time of sentencing, we cannot say he was not justified in doing so. The appellant had a criminal record including four escapes from confinement that did not recommend him for leniency. In trying to minimize his offense, his counsel pleaded that the appellant's victims were not injured—they were only handcuffed and chained to a tree.

Finding no error in the record the judgment of the District Court is affirmed.