UNITED STATES of America

v.

BRIGHTON BUILDING & MAINTE-
NANCE CO. et al.

No. 77 CR 192.

United States District Court,
N. D. Illinois, E. D.

April 5, 1977.

See also, D.C., 431 F.Supp. 1118.

John E. Sarbaugh, John L. Burley, Dept. of Justice, Antitrust Div., Samuel J. Skinner, U. S. Atty., Chicago, Ill., for plaintiff.

George D. Crowley, Warren R. Fuller, Crowley & Goschi, Albert E. Jenner, Jr., Alan L. Metz, Carol R. Thigpen, Jenner & Block, Barnabas F. Sears, Lawrence M. Gavin, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., Louis R. Bertani, Herschbach, Tracy, Johnson, Bertani & Wilson, Joliet, Ill., Gary L. Griffin, Dent, Hampton & McNeela, Raymond J. Smith, Irwin I. Zatz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

The instant motion in this cause raises a question of first impression and arises out of a unique and complex situation. Before the court is the joint motion of the Government and defendants Bowler and Krug requesting their severance from the other defendants named in this indictment, as well as the reassignment of their cases to the Executive Committee of this District for the purpose of further transfer of their cases to another judge. The parties do not make this request based on any misjoinder

**1116**

or notion of prejudice to the defendants.[1] Thus, in their joint memorandum, the parties do not suggest that defendants Bowler and Krug could not get a fair trial if they were tried jointly with the other named defendants. Neither do the parties intimate in the slightest that this court could not fairly and properly try these individuals. Rather, the present motion is made pursuant to plea agreements entered into between the Government and defendants Bowler and Krug.

The plea agreements, which are not presently before the court for approval or rejection, are basically similar. The provision of these agreements which concerns the court at this time provides:

> The Government and the defendant[s] will jointly move to sever defendant[s] Bowler [and Krug] from the other defendants in cases 77 CR 191 and 77 CR 192 and to have the charges against defendant[s] Bowler [and Krug] in those cases transferred to Judge McMillen for the purposes of pleas and sentencing.

Thus, the stated purpose of the parties' joint motion is to facilitate the taking of pleas by these defendants in four unrelated cases before a single judge. At this time it is clear that the entry of these pleas is *contingent* on this court's approval of the requested severance and reassignment of Bowler and Krug.

This court is of the opinion that it is barred by Fed.R.Crim.P. 11 from granting the parties their requests for the sole purpose of facilitating the entry of pleas. Rule 11 provides in pertinent part:

(e) *Plea Agreements Procedure.*

(1) *In General.* The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case.

*The court shall not participate in any such discussions.*

Fed.R.Crim.P. 11(e) (emphasis supplied). As the Supreme Court recognized:

> The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining," is an essential component of the administration of justice. Properly administered, it is to be encouraged.

*Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Rule 11 prescribes the procedures to be followed in obtaining plea agreements through negotiations. Thus, the rule delineates the various roles the parties are to play in the negotiating process and the authority each party has in the bargaining.

For present purposes the key element of rule 11(e)'s procedures is the clear and unequivocal statement that: "The court shall not participate in any [plea] discussions." Fed.R.Crim.P. 11(e)(1). As the Second Circuit recognized:

> Rule 11 implicitly recognized that participation in the plea bargaining process depreciates the image of the trial judge that is necessary to public confidence in the impartial and objective administration of criminal justice.

*United States v. Werker,* 535 F.2d 198, 203 (2d Cir. 1976). Thus, the trial court is to remain apart from plea negotiations until such time as an agreement is reached. Once the agreement is reached and presented to the court, "at the time the plea is offered," the court's role in the process is initiated and limited to the acceptance or

---

1. Fed.R.Crim.P. 8 and 14.

rejection of the proffered bargain. Fed.R. Crim.P. 11(e)(2).

■ It is clear that if the court were to grant the joint requests by the Government and defendants Bowler and Krug the court would be improperly involved in advancing the plea negotiations. While the parties argue that the plea discussions have ceased and the defendants. are prepared to enter their pleas to the various charges in the four cases, in fact, as it stands at this moment, unless this court agrees to sever and reassign the defendants the plea agreements can not be implemented in their present form. Thus, the entry of the pleas is contingent on this court's participation and agreement, albeit by motion in open court, on certain terms presented by defendants and the Government. Rather than being asked to accept the pleas, this court is requested to actively engage in facilitating the obtaining of pleas, conduct prohibited by rule 11's express terms.

Moreover, even if one could concede that the plea agreements have already been finalized, and therefore the court would not be engaged in prohibited rule 11(e)(1) plea "discussions" in granting the present motion, rule 11 would still prevent the implementation of the present plea agreements. As stated in the Advisory Committee Notes to rule 11:

> Subdivision (e)(1) is intended to make clear that there are four possible concessions that may be made in a plea agreement. First, the charge may be reduced to a lesser or related offense. Second, the attorney for the government may promise to move for dismissal of other charges. Third, the attorney for the government may agree to recommend or not oppose the imposition of a particular sentence. Fourth, the attorneys for the government and the defense may agree that a given sentence is an appropriate disposition of the case. . . .

18 U.S.C.A. Rule 11, at 25 (1975). In the case at bar, however, one of the "elements" of the "plea agreement" is the reassignment of defendants from one court and judge to another, a concession the Government is without authority to make. It is this action by the Government and defendants incorporating in the plea agreements a condition precedent of court action not envisioned by rule 11 which has created the unusual situation which presently confronts the court.

The parties have presented several reasons why this court should grant the present motion making the entry of defendants' pleas possible.[2] The parties suggest that if a single judge sentences the defendants on all matters: (1) judicial energy will be saved; (2) a speedy disposition of defendants Bowler's and Krug's cases will occur; (3) "fragmentized" sentencing will be avoided; and (4) the sentencing judge will be better able to understand the complex and involved plea agreements. However, few, if any, judicial resources will be saved in light of the continuation of the remainder of each case before the judges involved. All judges involved can make use of a single presentence investigation and therefore disposition will not be delayed. Further, this court does not accept the use of the term "fragmentized" sentencing. It is not unusual, indeed it often occurs, that defendants enter pleas in multiple indictments before different judges and each judge imposes the sentence deemed appropriate, taking into consideration the complexity of the cases and the dispositions by his fellow judges. While the court does not suggest that the parties have agreed to seek this transfer to avoid having any particular judge sentence defendants Bowler and Krug, to grant such requests might, in the mind of the public we serve, create the appearance of impropriety. And, as stated previously, it is the purpose of rule 11's

---

2. The parties have cited this court to *United States v. Alton Box Board, Inc.*, No. 76 CR 199 (N.D.Ill.1976), as authority for the procedure requested here. In *Alton*, 70 defendants were transferred from the original case before Judge McMillen and reassigned by the Executive Committee to Chief Judge Parsons for pleas and sentencing in the interests of justice and to save judicial time. However, the *Alton* case is clearly distinguishable since the transfer was not part of a plea agreement and therefore no rule 11 considerations arose. ·

prohibition on judicial involvement in plea negotiations to avoid the possibility that the court become a participant in the bargaining process. Furthermore, to grant the present motion in order to facilitate the entry of these defendants' guilty pleas could create the future possibility of attempted manipulation of the court's procedures under the aegis of "plea bargaining," and undermine strict adherence to the letter and spirit of rule 11.

Therefore, pursuant to rule 11 of the Federal Rules of Criminal Procedure, the joint motion of the Government and defendants Bowler and Krug is denied.

It is so ordered.