UNITED STATES of America,
Plaintiff–Appellee,

v.

Albert HARRIS, III,
Defendant–Appellant.

No. 80–5063.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 14, 1980.

Decided and Filed Dec. 15, 1980.

Rebecca Westerfield, (court appointed), Louisville, Ky., for defendant–appellant.

Albert Jones, U. S. Atty., Hancy Jones III, Asst. U. S. Atty., Louisville, Ky., for plaintiff–appellee.

Before BROWN and KENNEDY, Circuit Judges, and CECIL, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Harris appeals his conviction for stealing U. S. mail. Appellant had been charged with two counts of violating 18 U.S.C. § 1702 by obstructing two pieces of mail addressed to the FBI on or about August 31, 1979 and with one count of violating 18 U.S.C. § 1708 by taking some 2,000 pieces of mail from the loading dock of Gardiner Lane Post Office in Louisville on or about October 13, 1979. The District Court denied appellant's motion to sever the third count from the first two. The jury acquitted appellant of the first two counts and convicted him of the third count. The District Court imposed a four–year sentence.

Appellant argues the District Court erred in failing to sever the third count. He argues he was prejudiced by the jury's confusion between the unrelated crimes, the cumulative effect of the evidence of more than one crime, the latent hostility against a defendant charged with more than one crime, and his inability to testify as to count three without testifying as to counts one and two.

As all counts involved interference with the mail, joinder was permissible under Rule 8(a), Fed.R.Crim.Pro. (same or similar offenses). *See, e. g., United States v. Foutz,* 540 F.2d 733, 735 (4th Cir. 1976) (joinder of robbery by one person and robbery of same bank by three persons was permissible); *Drew v. United States,* 331 F.2d 85, 87 (D.C.Cir.1964) (joinder of robbery of one store and attempted robbery of another store was permissible).

■ Rule 14, Fed.R.Crim.Pro., grants the District Court discretion to sever for trial where the defendant proves prejudice from the joinder of offenses. However, a trial court will be overruled for failure to grant a severance for trial under Rule 14 only if there has been an abuse of discretion. *See Corbett v. Bordenkircher,* 615 F.2d 722, 725 (6th Cir. 1980); *United States v. Mullen,* 550 F.2d 373, 374 (6th Cir. 1977).

Appellant has not shown sufficient prejudice to establish that the District Court abused its discretion. Evidently, the jury was not confused, did not cumulate the evidence, nor express any latent hostility towards appellant due to the multiple counts as the jury acquitted appellant of the first two counts. Evidence of the first two counts would have been admissible to prove opportunity in the trial of the third count. *See* Rule 404(b), Fed.R.Evid. Joinder of the other crimes cannot prejudice the defendant more than he would have been by the admissibility of the other evidence in a separate trial. *See Foutz, supra,* 540 F.2d at 736; *Drew, supra,* 331 F.2d at 90.

Appellant also argues that the sentence imposed improperly penalized him for exercising his constitutional right to jury trial. He asserts that before going to trial his counsel was informed by the attorney for the government that the probation office would recommend a three–year sentence if appellant pleaded guilty to all three counts and a five–year sentence if appellant went to trial. Appellant refused to plead guilty. In *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1958), the Supreme Court held due process was not of-

fended by the prosecutor giving the defendant the choice of pleading guilty to the substantive count without the recidivist charge or going to trial with the substantive count plus the recidivist charge. The Court recognized that plea bargaining was a special circumstance, which normally includes some incentive for pleading guilty and sparing the government the time and expense of a trial. To the extent this case involves plea negotiation by the prosecutor, *Bordenkircher* precludes any finding of a constitutional violation.

However, this case presents an added factor, the use of the District Court's probation department's recommendations to induce a guilty plea. Appellant's counsel asserted at oral argument that the probation office routinely gives its sentence recommendation made before trial to the attorney for the government but does not routinely give the same information to the defense counsel. The assistant United States attorney confirmed that his office routinely received such information. Appellant's counsel advised the District Court before sentencing what she had been told about the recommendations.

Disclosure of the probation department's sentence recommendation, particularly if disclosed to only one side, is contrary to the intent of the drafters of the Federal Rules of Criminal Procedure, though not explicitly prohibited. Rule 32(c)(1), Fed.R.Crim.Pro., states that the report of the probation service of the court shall not be submitted or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that the judge may look at the report with the written consent of the defendant. Rule 32(c)(3) requires the court to allow the defendant upon request to read the presentence report of the probation service exclusive of any sentence recommendation; any information disclosed to the defendant shall be disclosed to the attorney for the government. The Advisory Committee Note to the 1974 Amendment states, "Any recommendation as to sentence should not be disclosed as it may impair the effectiveness of the probation officer if the defendant is

under supervision on probation or parole." *See United States v. Goodman*, 590 F.2d 705, 711 (8th Cir), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979) (probation officer's recommendation should be disclosed, if at all, by court in open session).

More troubling than the pre–trial disclosure of the sentence recommendation of the probation office is the use of such a recommendation in the plea bargaining process. Using the probation officer's recommendation to try to persuade the defendant to plead guilty involves the court in the plea bargaining process as the probation office is an arm of the court. While participation of the trial judge in plea negotiations may not amount to a constitutional violation which justifies overturning a guilty plea, *see Cousin v. Blackburn*, 597 F.2d 511 (5th Cir. 1979), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1343, 63 L.Ed.2d 779 (1980); *Toler v. Wyrick*, 563 F.2d 372 (8th Cir. 1977), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1455, 55 L.Ed.2d 498 (1978); *Brown v. Peyton*, 435 F.2d 1352, 1355–57 (4th Cir. 1970), *cert. denied*, 406 U.S. 931, 92 S.Ct. 1785, 32 L.Ed.2d 133 (1972), Rule 11(e)(1), Fed.R.Crim.Pro., forbids the court from participating in plea negotiations. Under Rule 11, the judge's role is limited to acceptance or rejection of the plea agreement after a thorough review of the relevant factors; the judge should not participate in the plea bargaining process. *See Griffith v. Wyrick*, 527 F.2d 109, 111 n.2 (8th Cir. 1975); *United States v. Gallington*, 488 F.2d 637, 640 (8th Cir. 1973), *cert. denied*, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974). Thus, the judge could not tell the defendant prior to accepting a guilty plea what sentence he would likely give should the plea be accepted. *See United States v. Herron*, 551 F.2d 1073, 1077 (6th Cir. 1977) (allegation that judge through probation officer told defendant he would get 25 years if he pleaded guilty but maximum sentence if went to trial and was convicted would be a serious charge; however, charge was not substantiated on the record); *United States v. Werker*, 535 F.2d 198 (2nd Cir.), *cert. denied sub nom. Santos–Figueroa v. United States*, 429 U.S. 926,

97 S.Ct. 330, 50 L.Ed.2d 296 (1976) (court granted mandamus prohibiting trial court from disclosing what his sentence would be prior to accepting guilty plea); *Hinds v. United States*, 429 F.2d 1322, 1323 (9th Cir. 1970) (trial court did not err by not informing defendant of probable sentence before accepting plea bargain; would have been improper for court to do so). *See also United States v. Brighton Bldg. & Maintenance Co.*, 431 F.Supp. 1115 (N.D.Ill.1977) (improper for court to transfer case pursuant to plea bargain as court would become involved in the plea bargaining process).

In the present case, the judge himself did not make any representations to the defendant. However, the probation officer who is an arm of the court did so. His recommendation has the weight of the court behind it. If the court puts its imprimatur on a plea offer, the defendant might be coerced into taking it, fearing rejection would mean the imposition of a greater sentence after trial or that he would not get a fair trial before the judge whom he has challenged. *See Werker, supra*, 535 F.2d at 202. The trial court must not penalize the defendant for exercising his constitutional right to plead not guilty and go to trial; whether or not the defendant exercises his right to trial must have no bearing on the sentence he receives. *See United States v. Derrick*, 519 F.2d 1, 3 (6th Cir. 1975). By having the probation officer recommend one sentence for pleading guilty and another sentence for going to trial, the court will be seen as considering whether or not the defendant exercises his right to trial in determining the sentence and the defendant may well feel pressured to plead guilty.

As appellant did not plead guilty but did exercise his constitutional right to proceed to trial, the feared evil did not materialize in the present case. As there is no evidence in the record that the District Court was influenced by the pretrial recommendation of the probation officer when it sentenced appellant, this Court has no reason to set aside appellant's sentence. In the future, however, District Judges should not disclose the probation officer's sentence recommendations to either the defendant or the attorney for the government prior to trial or the acceptance of a guilty or a nolo contendere plea, where the recommendation could in any way affect a defendant's decision to plead guilty or go to trial.