562

UNITED STATES of America, Plaintiff,

v.

Jay BALL, Defendant.

No. CR-2-81-9.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 11, 1981.

Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

W. Gordon Ball, Newport, Tenn., and A. Benjamin Strand, Jr., Dandridge, Tenn., for defendant.

## ORDER

ROBERT P. MURRIAN, United States Magistrate.

This matter was referred to the undersigned United States Magistrate pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for disposition of the defendant's motion for an order directing the issuance of subpoenas for seven trial witnesses at the expense of the Government. Rule 17(b), Federal Rules of Criminal Procedure.

Defendants Unable to Pay. The court shall order at any time that a subpoena be issued for service on a named witness upon an ex parte application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.

Id. In the application, there must be a sufficient statement of facts to support the assertion that " * * * the presence of the witness is necessary to an adequate defense * * * " and broad generalities are insufficient. United States v. Rigdon, C.A. 6th (1972), 459 F.2d 379, 380, certiorari denied, 409 U.S. 1116, 93 S.Ct. 917, 34 L.Ed.2d 700, rehearing denied (1973), 410 U.S. 948, 93 S.Ct. 1377, 35 L.Ed.2d 615.

The defendant is charged in a 10-count indictment with selling 10 motor vehicles during 1979–80, knowing same to have been

stolen and at a time when such vehicles were part of and constituted interstate commerce. *See* 18 U.S.C. § 2313. The facts alleged in support of the instant motion are, in their totality, as follows:

The testimony of [Witness No. 1] and [Witness No. 2] is necessary to the defense in that they will testify that the defendant bought and sold vehicles to and from their business. [Witness No. 3] and [Witness No. 4] will testify that the defendant sold vehicles to them. [Witness No. 5] will testify that the defendant sold one particular vehicle to him. [Witness No. 6] will testify that he has bought vehicles from [Witness No. 7]. [Witness No. 7], who is presently incarcerated in the State Penitentiary of [deleted] will testify that he sold vehicles to the defendant.*

 In the undersigned's opinion, this is not a " * * * satisfactory showing * * * that the presence of the witness is necessary to an adequate defense. * * * " Rule 17(b), *supra*. It has been held in this Circuit that the mere allegation that witnesses were necessary for " * * * alibi as well as impeachment purposes * * * " is too general to support a showing that the witnesses are necessary for an adequate defense. *United States v. Conder*, C.A. 6th, 423 F.2d 904, 909[4], certiorari denied (1970), 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267. In the present case, the defendant provides no clue as to how the testimony of the seven witnesses whom he wishes to call is *necessary to his defense. See United States v. Herron*, C.A. 6th (1977), 551 F.2d 1073, 1076[2]. Since the Rule calls for *ex parte* application, he could have been more specific without running the risk of "giving away" his defense.

There is no indication as to how the witnesses' testimony would be relevant to the defendant's case. The word " * * * necessary * * * " in Rule 17(b) " * * * must be read to mean relevant, material and useful to an adequate defense * * *." *United States v. Barker*, C.A. 6th (1977), 553 F.2d 1013, 1020[2]. There simply has been no showing that the averred facts regarding the witnesses' testimony are in any way relevant to this case. The defendant was required to state " * * * facts which, if true, would be relevant to any issue in the case * * *." *Id.*, 553 F.2d at 1020.

For the reasons indicated, it is ORDERED that the defendant's motion be DENIED.

---

* Names of the witnesses and the location of one of them have been deleted herein for purposes of maintaining any secrecy of the identities of the defendant's witnesses. *Cf. United States v. Sanders*, D.C.Pa. (1971), 322 F.Supp. 947, affirmed C.A.3d, 459 F.2d 86, certiorari denied (1972), 409 U.S. 860, 93 S.Ct. 146, 34 L.Ed.2d 106. It is noted from the manner in which the instant motion was filed that perhaps the defendant did not intend to keep their identities confidential.