**UNITED STATES of America,**
**Plaintiff,**

v.

**Timothy Keith WARE, Defendant.**

**No. CR 83–75.**

United States District Court,
N.D. Ohio, W.D.

April 3, 1984.

Arthur F. James, Toledo, Ohio, for defendant.

Fred McDonald, Asst. U.S. Atty., Toledo, Ohio, for plaintiff.

## MEMORANDUM AND ORDER

DON J. YOUNG, Senior District Judge:

On November 17, 1983, the defendant was sentenced to imprisonment for twenty (20) years, with parole eligibility at any time after serving five (5) years, under the provisions of Title 18 U.S.C. § 4205(b)(1). He had been charged with armed bank robbery, but entered a plea of guilty to an amended indictment charging unarmed bank robbery. Through his counsel, defendant timely filed a motion for reduction of sentence.

Counsel makes two arguments: first, that contrary to the Court's finding that the offense had severe victim impact, actually it did not, as the amount taken was Two Hundred Forty-two Dollars ($242.00) and cancelled food stamps in an amount not stated; and second, that the sentence gave no consideration to the fact that the defendant had entered a plea of guilty, thus saving the Government effort and expense, and relieving the witnesses of the trauma of court appearance and testifying.

As to the first of these matters, the finding was made in compliance with the provisions of the Victim and Witness Protection Act of 1982, Title 18 U.S.C. § 3579(a)(2), which requires specific written findings when no order of restitution is made by the Court. None was made in this case. The question of victim impact also depends in considerable measure in this case on whose version of the happening of the robbery is believed, that of the defendant or that of the victims. While defendant's counsel has both the right and the duty to argue that his client should be believed, it is obvious from the defendant's past record and the numerous psychiatric studies alluded to in the presentence report that the defendant has no understanding of how his conduct affects strangers, so that even though he believes himself not to be violent or threatening, the persons he encounter undoubtedly have a much different perception. The Court must and did believe them, rather than the defendant.

The other matter raised by defendant's counsel is difficult to address, and perhaps should not be addressed at all. For one thing, the dilemma that counsel alludes to he can easily resolve by the process of plea bargaining, but under the Federal Rules of Criminal Procedure, the Court may not involve itself in that process. *See United States v. Harris,* 635 F.2d 526, 528 (6th Cir.1980) ("Rule 11(e)(1), Fed.R.Crim.Pro., forbids the court from participating in plea negotiations. Under Rule 11, the judge's role is limited to acceptance or rejection of the plea agreement after a thorough review of the relevant factors; the judge should not participate in the plea bargaining process"), *cert. denied,* 451 U.S. 989, 101 S.Ct. 2326, 68 L.Ed.2d 847 (1981). For another, the Court of Appeals for this Circuit has made it absolutely clear in its decisions that a trial court, in fixing criminal sentences, may not give consideration to the fact that a defendant stands upon his constitutional right to a trial by jury. 635 F.2d at 529 ("The trial court must not penalize the defendant for exercising his constitutional right to plead not guilty and go to trial; whether or not the defendant exercises his right to trial must have no bearing on the sentence he receives.") *See United States v. Derrick,* 519 F.2d 1, 3 (6th Cir.1975). *See also United States v. Barbara,* 683 F.2d 164, 166–167 (6th Cir.1982); *United States v. Herron,* 551 F.2d 1073, 1077 (6th Cir.1977). Consequently the element of whether guilt was established by plea of guilty or by trial should not be a factor in a sentencing decision.

■ Basically, in resolving a motion for reduction of sentence under Fed.R.Crim.P. 35, the Court must consider the same complex of factors that are involved in making its original decision as to sentence.

■ Without going into all of those factors in elaborate detail, it should first be pointed out that no facts are stated in the defendant's motion that were not before the Court at the time sentence was pronounced.

It was and is clear that the defendant has a very long history of robbery and violence; that attempts to help him by psychiatric treatment were resisted by him (he only attended nine out of twenty-five group therapy sessions) and ineffective in changing his patterns of behavior; that he emerges from imprisonment unchanged; that at the time of sentencing in this Court, defendant was awaiting sentencing on criminal charges in the Court of Common Pleas; that although he entered a plea of guilty in the latter court, he denied involvement in the offense charged; that when he has not been imprisoned, the defendant has not had regular employment, and has made no effort to improve his education or skills so that he would have a better chance for employment; that the Court could have imposed a substantially more severe sentence, which would have required the defendant to serve eighty months before being eligible for parole consideration, whereas under the parole guidelines he would be eligible for parole after forty-eight to sixty months, and under the sentence actually imposed, after sixty months.

One of the primary purposes of a criminal sentence is to protect the public. When, as here, there is no realistic possibility of gaining that protection that comes from reforming or rehabilitating the offender, protection can only be secured by confinement. From that standpoint, the sentence imposed herein is perhaps too lenient. Be that as it may, there is no reason shown to reduce it.

THEREFORE, for the reasons stated, good cause therefor appearing, it is

ORDERED that the motion of the defendant for reduction of sentence be, and it hereby is, OVERRULED.

IT IS SO ORDERED.