19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn Vincent ELLIS, Defendant-Appellant.
 No. 92-2188.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before: JONES and SILER, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Glenn Vincent Ellis appeals his conviction and sentence for conspiracy and attempt to distribute cocaine and substantive distribution charges, in violation of 21 U.S.C. Secs. 841 and 846; and money laundering, in violation of 18 U.S.C. Sec. 1956. He raises several issues, including his conviction under a duplicitous superseding indictment; the denial of his motion for severance; and the admission of coconspirator statements. We affirm for the following reasons.
 
 Background
 
 2
 During 1987 and 1988, Ellis trafficked in cocaine with Eric Whitby, Steven Whitby, and others in the Grand Rapids, Michigan area. In 1988, the Whitbys were arrested and agreed to cooperate with federal authorities. Ellis, however, continued his illicit activities into 1991 with Terrence Hollis, Debra Barnes, and Fabio Espinosa.
 
 
 3
 On April 6, 1990, Hollis was arrested for drug offenses while using a vehicle rented by Ellis. On December 27, 1990, agents at LaGuardia airport stopped Espinosa in possession of $61,770. Espinosa told agents that "Glenn," whose last name was unknown to him, loaned him the money. He described "Glenn" and gave agents "Glenn's" beeper number.[1] On January 24, 1991, agents discovered Barnes in possession of $80,000, which she was to deliver to Espinosa. In a subsequent search of Barnes's house, agents found Ellis, several items of drug paraphernalia, and three ounces of cocaine.
 
 Analysis
 
 4
 1. The duplicitous superseding indictment.
 
 
 5
 Ellis argues, for the first time on appeal, that he was erroneously convicted under a duplicitous superseding indictment. However, Fed.R.Crim.P. 12(b)(2) requires that "[d]efenses and objections based on defects in the indictment or information" be "raised prior to trial." Thus, a defendant who raises objections based on defects in the indictment for the first time on appeal waives the objections. See United States v. Oldfield, 859 F.2d 392, 396 (6th Cir.1988). "This court strictly applies Rule 12(b), and has repeatedly held that failure to raise 12(b) motions in a timely fashion precludes appellate review." Id. Moreover, Ellis has not demonstrated cause sufficient to excuse his waiver under Fed.R.Crim.P. 12(f). Therefore, we do not consider the merits of Ellis's first argument.
 
 
 6
 2. Ellis's motion for severance.
 
 
 7
 Ellis next argues that the district court erred in failing to grant his pretrial motion for severance under Fed.R.Crim.P. 8(a) because the indictment alleged his involvement in two separate drug conspiracies. We review the failure to grant a severance under Rule 8(a) de novo. See United States v. Werner, 620 F.2d 922, 926 (2d Cir.1980).[2] Offenses may be charged in the same indictment if they are "of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting a common scheme or plan." Fed.R.Crim.P. 8(a). Ellis's conspiracy offenses are of the same or similar character because, in each, he was heavily involved in distribution of cocaine and laundering of drug profits. See United States v. Harris, 635 F.2d 526, 527 (6th Cir.1980), cert. denied, 451 U.S. 989 (1981); Werner, 620 F.2d at 926. Thus, the district court did not err in denying Ellis's motion for severance.
 
 
 8
 Ellis argues that the twenty-two month gap separating overt acts in the conspiracy charges indicates that the underlying offenses are dissimilar.[3] Joinder of offenses is permissible when separate counts refer to the same type of offenses occurring over "a relatively short period of time." United States v. Lindsey, 782 F.2d 116, 117 (8th Cir.1986) (internal quotations omitted). However, joinder of offenses occurring during a two-year period has been approved. See United States v. Hastings, 577 F.2d 38, 40 (8th Cir.1978); Werner, 620 F.2d at 926 (approving of twenty-six month period). Ellis also argues that the conspiracy charges are not based on transactions constituting a common scheme. This is immaterial because the offenses were properly joined as being of the same or similar character. Fed.R.Crim.P. 8(a). Thus, Ellis's arguments are unpersuasive.
 
 
 9
 3. Admission of coconspirator statements.
 
 
 10
 Next, Ellis argues that the district court erred in admitting statements made by Espinosa during custodial interrogation at LaGuardia airport, as coconspirator statements under Fed.R.Evid.P. 801(d)(2)(E), because these statements were made while Espinosa was "under de facto arrest" after "his involvement in any conspiracy had [ended]." We review the district court's decision to admit coconspirator statements for abuse of discretion. See United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988), cert. denied, 488 U.S. 1031 (1989). "[P]articipation in a conspiracy ordinarily ends with arrest." United States v. Pineda-Ortuno, 952 F.2d 98, 106 (5th Cir.), cert. denied, 112 S.Ct. 1990 (1992). However, this is not always true because "the arrest of a conspirator does not necessarily terminate his or her involvement in the conspiracy." United States v. Ammar, 714 F.2d 238, 253 (3d Cir.), cert. denied, 464 U.S. 936 (1983). Thus, statements made by an arrested conspirator, which are directed to the objectives of a conspiracy, are in furtherance of the conspiracy. Id. Espinosa's statements were in furtherance of the conspiracy in this case because they were designed to secure his freedom and the release of the $61,770 that he was carrying, even though they were elicited during a custodial interrogation. Cf. United States v. Garcia, 893 F.2d 188, 190 (8th Cir.1990) (statements calculated to delay or prevent a conspirator's arrest, and thus allow the conspiracy to continue, are made in furtherance of the conspiracy). Therefore, the district court did not err in admitting these statements.
 
 
 11
 4. Other issues.
 
 
 12
 Ellis raises several other issues that require less extensive analysis. First, Ellis argues that the district court erred in failing to grant him a continuance to obtain new counsel. Ellis requested the continuance twelve days before trial. The decision denying a continuance is reviewed for abuse of discretion. Lockett v. Arn, 740 F.2d 407, 413 (6th Cir.1984), cert. denied, 478 U.S. 1019 (1986). While criminal defendants are entitled to a reasonable opportunity to obtain new counsel, this right is balanced against the court's authority to control its docket. Id. Ellis had ample time to replace his court-appointed counsel and does not explain why he delayed in doing so. Thus, his delay may have been "an attempt to manipulate [the] trial." Linton v. Perini, 656 F.2d 207, 209 (6th Cir.1981), cert. denied, 454 U.S. 1162 (1982). Moreover, the district court denied the continuance in the interest of docket control, a matter within its discretion. See Lockett, 740 F.2d at 413. Finally, Ellis shows no prejudice by having to proceed to trial without a continuance. Therefore, the district court did not err in denying the continuance.
 
 
 13
 Second, Ellis argues, for the first time on appeal, that he did not receive effective assistance of retained counsel at trial. However, "[a]s a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (internal quotations omitted). Ellis advances no reason as to why his ineffective assistance claim should be excepted from the general rule and, therefore, may not raise it in this proceeding.
 
 
 14
 Third, Ellis argues that the district court erred in finding him responsible for five to fifteen kilograms of cocaine, on the basis of information contained in the presentence report, when it determined his base offense level under USSG Sec. 2D1.1. The district court's determination of the quantity of drugs involved for sentencing purposes is reviewed for clear error. United States v. Medina, 992 F.2d 573, 590 (6th Cir.), petition for cert. filed, --- U.S.L.W. ---- (1993). A district court may adopt facts contained in the presentence report, after considering a defendant's objections. See United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990). The district court followed this procedure in finding that Ellis was responsible for seven kilograms of cocaine and, therefore, did not err. There was ample evidence from Espinosa which, if believed, fixes Ellis's responsibility at more than five kilograms of cocaine.
 
 
 15
 Finally, Ellis argues that he was denied a sufficient opportunity to comment on facts contained in the presentence report, which the district court relied on in determining Ellis's base offense level under USSG Sec. 2D1.1. The district court was obligated to "afford the defendant and the defendant's counsel an opportunity to comment on the [presentence] report." Fed.R.Crim.P. 32(c)(3)(A). Furthermore, "a defendant may not be placed in a position where, because of his ignorance of the information being used against him, he is effectively denied an opportunity to comment on or otherwise challenge material information considered by the district court." United States v. Berzon, 941 F.2d 8, 21 (1st Cir.1991). Ellis received a copy of the final presentence report more than a month before the sentencing hearing. Moreover, a casual reading of the report reveals that Espinosa was the source of the disputed information. Thus, Ellis had "a meaningful opportunity to explain and rebut the evidence presented ... at the sentencing hearing, but ... no rebuttal evidence was forthcoming." United States v. Barrett, 890 F.2d 855, 866 (6th Cir.1989). For this reason, Ellis's final argument fails.
 
 Conclusion
 
 16
 Ellis's assertions of error lack merit. Therefore, we affirm the district court.
 
 
 
 [1]
 The beeper number was registered to Ellis's girlfriend. Debra Barnes (Ellis's aunt) testified that she asked Ellis's girlfriend to get the beeper for Barnes
 
 
 [2]
 The government argues that Ellis wavied this issue by failing to renew his pretrial motion for severance at the end of trial. However, Ellis's pretrial motion for severance under Rule 8(a) did not have to be renewed. See United States v. Terry, 911 F.2d 272, 277 (9th Cir.1990); cf. United States v. Hatcher, 680 F.2d 438, 440-41 (6th Cir.1982) (Rule 8(b))
 
 
 [3]
 Ellis's brief is unclear on the length of the period separating the offenses, but twenty-two months is the longest asserted period