**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul PHILLIPS, Jr., Defendant-Appellant.**

**No. 74–1216.**

United States Court of Appeals, Sixth Circuit.

Feb. 11, 1975.

---

James L. Gay, Versailles, Ky. (court appointed), for defendant-appellant.

Eugene E. Siler, U. S. Atty., R. Burl McCoy, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before WEICK and LIVELY, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Phillips has appealed from his conviction by a jury in the District Court for knowingly transporting a motor vehicle, to wit, a stolen farm tractor, in interstate commerce, in violation of 18 U.S.C. § 2312.

Phillips complains (1) that inflammatory and prejudicial remarks were made by an Assistant United States Attorney in his closing argument to the jury; (2) that pretrial confrontations were conducted in such a suggestive manner as to render his identification unreliable; (3) that the District Court erred in not giving a specific instruction on identification, although such instruction was not requested by defense counsel; and (4) that the maximum prison sentence imposed was unduly harsh and was based on assumptions not in the record.

We will discuss only items 1 and 4 above, as we are of the opinion that items 2 and 3 have no merit.

The principal remarks of the Assistant District Attorney, complained of, are:

. . . now, Mr. Ponder insists that he is the person who rented the truck and for signing the contract. He says that Mr. Phillips was not with him. Well, I suggest to you that Mr. Ponder has purgered [sic] himself in that respect. (R. 241).

I submit to you that the testimony of the defendant and Mr. Ponder are, for the most part, a fabricated story, for the purpose of exonerating this defendant inasmuch as Mr. Ponder has already received a sentence after

pleading guilty to this charge. (R. 247).

No objection to the argument was made at the trial. We are therefore required to find that the argument constituted plain error, in order to warrant reversal. It is contended that these remarks constituted the personal belief or opinion of the Assistant United States Attorney and therefore were improper. We disagree.

In reading the entire argument of the prosecutor to the jury, we are of the opinion that he was arguing on the basis of disputed evidence in the record, and was not stating his personal belief or opinion.

The difference is pointed out in Stewart v. United States, 101 U.S.App.D.C. 51, 247 F.2d 42 (1957). See also United States v. Hamilton, 409 F.2d 404 (7th Cir. 1969).

 In sentencing Phillips, the District Judge stated:

. . . I just think this is a part of a theft ring, and this man [Phillips] was a cog in the wheel. How big a cog he was I don't know, whether it was his idea or whether he saw a chance to make some quick money or whatever it was, I don't know, but there is one thing certain the whole story hasn't been told.

There is no evidence in the record to support any such charge against Phillips. The Court further stated:

I have to consider the fact that Mr. Ponder has come in here and obviously perjured himself and I have to further consider the fact, in the opinion of the Judge of the Court, this defendant has perjured himself. I don't believe for one minute that he was over there hitchhiking there by Aberdeen, Maryland [sic] and just happened this U-Haul truck came along and he got in.

Neither Ponder nor Phillips, have ever been convicted of perjury, and it was error for the District Court, in its sentencing, to treat Phillips as if he had been convicted of perjury.

Furthermore, Ponder was the principal actor in the matter; he rented the U-Haul in Kentucky. There is no proof that Phillips did anything other than to be present at the time of renting the U-Haul, and as a passenger in the truck; and as to his presence in Kentucky even that was disputed.

Ponder had pleaded guilty to the Dyer Act violation and testified that Phillips was not with him at the time of the rental in Kentucky, but that he picked up Phillips later in Ohio. The District Judge had imposed on Ponder the maximum sentence of five years, and he imposed on Phillips, whom he termed as only a "cog in the wheel," the same maximum sentence. This simply does not seem reasonable.

Phillips had only one previous conviction, about ten years ago, for which he had been placed on three years' probation. He is married and the father of five children who are dependent upon him for their support. Also, he had been ill and the Court ordered that he be examined at the United States Medical Center at Springfield, Missouri.

The judgment of conviction is affirmed. The sentence is vacated for abuse of discretion, and the cause is remanded for resentencing.