UNITED STATES of America,
Plaintiff-Appellee,

v.

Hal Clemit DERRICK,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Burnett Wendell FINCHUM,
Defendant-Appellant.

Nos. 74–1923, 74–1924.

United States Court of Appeals,
Sixth Circuit.

June 13, 1975.

John F. Dugger, Morristown, Tenn., Ben W. Hooper, II, Newport, Tenn., for defendant-appellant Derrick.

Ben W. Hooper, II, Campbell & Hooper, Newport, Tenn., for defendant-appellant Finchum.

John L. Bowers, U. S. Atty., Knoxville, Tenn., Robert E. Simpson, Asst. U. S. Atty., for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges and DeMASCIO, District Judge.*

* Hon. Robert E. DeMascio, Judge of the United States District Court for the Eastern District of Michigan, sitting by designation.

PER CURIAM.

Appellants Derrick and Finchum, with four others, were charged in a six count indictment with conspiring to defraud the United States by manufacturing non-tax paid distilled spirits, and related offenses, all arising out of an extensive bootlegging operation in Tennessee. The original trial in the district court resulted in a hung jury, during which the trial judge directed a verdict in favor of the defendants on Count 5 of the indictment. In the second trial, Finchum and Derrick were acquitted of Count 2, but found guilty on Counts 1, 3, 4 and 6.

Derrick was given consecutive sentences of five years on Count 1 and one year on Count 3. He was also fined $10,000 and given probation on Counts 4 and 6. Finchum was given concurrent sentences of eighteen months on each of the four counts.

Derrick and Finchum raise five grounds for appeal, urging that (1) the trial judge made certain imporper statements before the jury concerning the quantum of proof of defendants' guilt; (2) defendants were denied due process of law when the government failed to furnish evidence which defendants claim would have shown that certain plastic jugs purchased by Derrick were not involved in the still operation in question, (3) the court erroneously submitted an overt act to the jury, (4) the evidence was insufficient to support guilty verdicts as to Derrick on Counts 1 and 6, and (5) the trial judge, in sentencing defendants, erred in taking into consideration the fact that defendants elected to stand trial rather than to plead guilty.

Our review of the record and briefs convinces us that there is no merit in any of the foregoing grounds alleged except number (5) as it relates to the sentence of Derrick, and we discuss here only that issue.

At the time he sentenced Derrick, Finchum and the two other defendants who had been convicted with them, the trial judge was plainly disgruntled that they should have demanded jury trial in view of the overwhelming evidence of guilt which the trial produced. The trial record fully supports the trial judge's view of the proof.

The following colloquy took place at the sentencing of the co-defendant, Harold Eugene Butler:

"THE COURT: I want to know why you came down here and pled not guilty and thereby put the government to a tremendous amount of expense when the proof showed beyond a shadow of a doubt and you knew you were guilty; tell me why you would put your government to that great expense?

DEFENDANT HAROLD BUTLER: I don't know.

THE COURT: Counsel, can you tell me, you are not an older lawyer as some of these lawyers in this case, but why would you as a lawyer put your government to the expense in a case like this?

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: . . . I can't put this man on probation. He has put this government to two long trials and goodness knows how much money the government has spent on this case. In those situations I don't feel like I can put him on probation."

In the subsequent sentencing of defendant Derrick, the following took place:

"THE CLERK: Hal Clement Derrick, Counts 1, 3, 4 and 6.

THE COURT: Do you want to say anything before sentence is pronounced, Mr. Derrick?

DEFENDANT DERRICK: No, Your Honor.

THE COURT: Well, I say the same thing to you that I do to these other Butlers, I just can't understand why you have entered a plea of not guilty in the light of this proof.

You don't have to tell me why you did unless you want to. The proof shows you guilty beyond a reasonable doubt."

The district court also stated to defendant Derrick's attorney:

"THE COURT: Well, all people have a right to go to trial if they choose to go to trail, but you are old enough to not be a member of this new school who tells them all, apparently, whether they are guilty or not, just go to trial, go to trial.

I don't know who teaches that. I have had lawyers to come in this court and say—I have asked them when the client tells you that he is guilty, you put him to trial. He said yes. And I said, 'Where did you get that philosophy?' He said 'They teach it in the schools, law schools.'

You are too old to be in that school, aren't you? You were formerly assistant district attorney here."

■ While ordinarily a sentence within the statutory limits is not subject to appellate modification, see *United States v. Dudley*, 436 F.2d 1057 (6th Cir. 1971), "[t]he process of sentencing an offender, however, is not wholly immunized from judicial review solely because the sentence imposed falls somewhere within the statutory limits". *United States v. Daniels*, 446 F.2d 967, 969 (6th Cir. 1971). In that case, Judge Celebrezze noted the instances in which appellate action had been recognized:

> . . . we and other courts have approved of remanding for resentencing in cases where it appeared that a trial judge had improperly considered certain factors in sentencing, see United States v. Latimer, 415 F.2d 1288 (6th Cir. 1969); United States v. Stubblefield, 408 F.2d 309 (6th Cir. 1969); Marano v. United States, 374 F.2d 583 (1st Cir. 1967); improperly relied upon certain false information, Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Smith v. United States, 223 F.2d 750 (5th Cir. 1955), or grossly abused his discretion by failing to evaluate the relevant information before him with due regard for the factors appropriate to sentencing. Yates v. United States, 356 U.S. 363, 366–367, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958); United States v. McKinney, 427 F.2d 449, 455 (6th Cir. 1970);

United States v. West Coast News Co., 357 F.2d 855, 865 (6th Cir. 1966) reversed on other grounds sub nom., Aday v. United States, 388 U.S. 447, 87 S.Ct. 2095, 18 L.Ed.2d 1309 (1967); United States v. Moody, 371 F.2d 688, 693–94 (6th Cir. 1967); United States v. Wiley, 278 F.2d 500, 503 (7th Cir. 1960); see Livers v. United States, 185 F.2d 807, 809 (6th Cir. 1950).

446 F.2d at 970–71

See also *United States v. Paul Phillips*, 510 F.2d 134 (6th Cir. 1975. Weick, J.), in which this court vacated and remanded for resentencing after finding that improper considerations were used in determining sentence.

■ While we do not find the exact issue ever to have been raised in this court before, we agree with the Fifth Circuit that it is improper for a district judge to penalize a defendant for exercising his constitutional right to plead not guilty and go to trial, no matter how overwhelming the evidence of his guilt. *Baker v. United States*, 412 F.2d 1069 (5th Cir. 1969). And, as a general rule, we agree with the holding in *United States v. Marzette*, 485 F.2d 207 (8th Cir. 1973) that:

> "Each case requires individualized sentencing procedures; however, whether a defendant exercises his constitutional right to trial by jury to determine guilt or innocence must have no bearing on the sentence."

Under the circumstances here, we conclude that the sentence of Derrick should be vacated and the cause remanded for re-sentencing. Because this is the first occasion for this circuit to discuss the subject, and because the sentencing process is so uniquely within the special knowledge and expertise of the sentencing judge, some further comment is necessary.

We freely recognize, as no doubt did the trial judge, that had he not stated his views on the record here, the subjective process by which he reached his sentencing decision would not be exposed, and there would probably be no remand.

If preventing possible remand or reversal is to be the sole object of his endeavors, therefore, the seasoned trial judge would want carefully to weigh his words so as to avoid the increased risk which sometimes comes from expressing himself too openly and honestly in a given situation. It is difficult to urge that trial courts express themselves freely upon the record when it can be shown that in doing so, they subject themselves to greater risk of reversal or remand. The proper answer, we believe, lies in the understanding of the respective roles of the trial bench and the appellate court in the judicial system and in understanding that the ends of justice are best and necessarily served when each performs its task openly and honestly, even at the risk of exposing error. Thus, we believe it far more admirable for the trial judge, as here, to have stated his reasons upon the record, risking reversal, than for him deliberately to have obscured an improper motive, shielding it from appellate review at the expense of possible injury to the rights of the defendant before his court.

In holding that it is improper for a trial judge to impose a heavier penalty because a defendant in a given case has availed himself of his constitutional right to a fair trial by jury, we simply reaffirm its availability to all citizens and, therefore, necessarily to the guilty as well as the innocent. That the first trial resulted in a directed verdict on Count 5 and jury disagreement on the others at least is some evidence that the issues were by no means as clear as may have been revealed at the second trial. Further, we note that upon coming to trial the second time, the jury acquitted Derrick on Count 2. The trials, therefore, benefited him at least to the extent of exculpating him in two of the six counts, thereby reducing his maximum potential exposure to prison sentences.

We do not doubt that in a given case, sentences for the same offense and otherwise same circumstances may differ where one follows a plea and another is after jury conviction. Realistically many factors come into play in the sentencing process. The most obvious factor is that in pleading guilty, a defendant owns up to what he has done. If it is true that confession is good for the soul, it must be acknowledged that a free and honest admission of guilt is perhaps the first and largest step toward ultimate rehabilitation. It is this concept, we suspect, which prompts most pleas of guilty in the first place. Certainly a trial judge is likely to take into account the difference in mental attitude between the defendant who admits his guilt and seeks to reform and the defendant who, although proved guilty beyond a reasonable doubt, gives no indication of his willingness to be rehabilitated.

Another factor which we see as almost inevitably influencing the decision of a trial judge is that in a plea of guilty, the crime pleaded is understood only as related in somewhat sterile fashion through the plea taking process or through a printed narration in the presentence report. The sentencing following a trial upon the merits, on the other hand, sees the trial judge in possession not only of more of the detailed facts of the offense itself, but of the flavor of the event and the impact upon any victims. It is for that reason a more real and accurate appraisal of the circumstances which brought the defendant to the bar of justice, and almost inevitably this added knowledge will affect the judge's consideration of what penalty appears most appropriate. This can, of course, work to the benefit or the detriment of the defendant according to the degree of culpability shown by the proofs.

 We do not intend to imply such factors as those mentioned do not or should not influence the trial judge's decisions in sentencing. We simply hold that it is improper for a trial judge to impose a heavier sentence as a penalty for the exercise of the right of jury trial, or as an example to deter others from exercising the right. Such motives are objectionable because they are coercive and because they have little if any rele-

vance to the proper objectives of sentencing.

In remanding for re-sentence, we do not suggest what the sentence should be, nor do we even imply that the sentence actually given was itself inappropriate under the circumstances. The record shows that in other respects the trial judge acted in an informed and conscientious manner. Whatever sentence the judge in the proper exercise of his discretion may impose, the defendant can at least serve it more constructively, knowing it is for the crime he committed and not for the constitutional right he invoked.

The judgments of conviction of Derrick and Finchum and the sentence of Finchum are affirmed. The sentence of Derrick is vacated and his case remanded to the district court for resentencing.