Hoover, J.,
concurring in part and dissenting in part.
{¶ 34} I concur in the lead opinion’s holding that there is no presumption of vindictiveness on the part of the trial court when a defendant rejects a plea bargain and is subsequently sentenced to a harsher term. I also agree with its *161 statement that an appellate court may reverse a sentence for vindictiveness only if, upon its examination of the entire record, it clearly and convincingly finds that the sentence was based on actual vindictiveness. Nonetheless, I write separately because I find that the record in this case clearly and convincingly demonstrates that the trial court sentenced Rahab vindictively. Accordingly, I would reverse the judgment of the First District Court of Appeals.
{¶ 35} It has long been recognized that a defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement. State v. O’Dell, 45 Ohio St.3d 140, 543 N.E.2d 1220 (1989), paragraph two of the syllabus. Any increase in the sentence based upon the “defendant’s decision to stand on his right to put the government to its proof rather than plead guilty is improper” and violates the right to due process. State v. Scalf, 126 Ohio App.3d 614, 620-621, 710 N.E.2d 1206 (8th Dist.1998); see also United States v. Stockwell, 472 F.2d 1186, 1187-1188 (9th Cir.1973) (a sentence based on a defendant’s refusal to accept a plea bargain, even if only in part, infringes upon the defendant’s right to trial). A trial court cannot enhance a sentence because a defendant elects to require the government to prove his guilt, “ ‘no matter how overwhelming the evidence of [defendant’s] guilt.’ ” (Brackets sic.) Scalf at 621, quoting United States v. Derrick, 519 F.2d 1, 3 (6th Cir.1975).
{¶ 36} The lead opinion concludes that Rahab’s sentence was not based on vindictiveness but rather on the evidence of his prior record, his perceived lack of remorse, and the impact of his crime on the victim. I disagree with the majority’s evaluation of the evidence contained in the record.
{¶ 37} As discussed in the majority opinion, the record is replete with “intemperate statements” from the trial court. Lead opinion at ¶ 23-27. These statements concern the trial court’s dissatisfaction with Rahab’s choice to exercise his right to a jury trial and cannot simply be ignored.
{¶ 38} Of particular concern are the trial court’s remarks made prior to trial. At that time, the trial court had not yet had the benefit of hearing evidence, nor did it know of Rahab’s prior criminal history or apparent lack of remorse; yet it had already determined that Rahab would receive a harsher sentence if he rejected the state’s offer and exercised his right to a jury trial. The lead opinion contends that this remark was an attempt by the trial court to ensure that Rahab understood the choice that he was making by rejecting the state’s offer. I respectfully disagree. Rather, I interpret the trial court’s remark as a threat to Rahab: either take the plea bargain offered by the state and forgo your right to a trial or suffer a longer sentence upon a finding of guilt by the jury. Couple this remark with the trial court’s statements at sentencing, which repeatedly mention Rahab’s rejection of the plea bargain and his decision to “gamble” and go to trial, *162 and I think it is effusively clear that the trial court acted vindictively when it sentenced Rahab. Nothing in the entire record convinces me otherwise.
Raymond T. Faller, Hamilton County Public Defender, and Demetra Stamata-kos and Joshua Thompson, Assistant Public Defenders, for appellant.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.
Repper, Pagan & Cook, Ltd., and Christopher J. Pagan, urging reversal for amicus curiae the Ohio Association of Criminal Defense Lawyers.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Peter T. Reed, Deputy Solicitor, urging affirmance for amicus curiae Ohio Attorney General Michael DeWine.
{¶ 39} The lead opinion’s conclusion that the trial court did not act vindictively in this case creates a nearly impenetrable barrier to proving actual vindictiveness. If the trial court’s actions in this case do not amount to vindictiveness, then what behavior would satisfy that burden? This decision, in my view, may have a chilling effect on the willingness of criminal defendants to exercise their constitutional rights to trial.
{¶ 40} For the foregoing reasons, I dissent from the lead opinion’s finding that Rahab has not demonstrated actual vindictiveness. As previously stated, however, I otherwise concur in the decision.
O’Neill, J., concurs in the foregoing opinion.