[Cite as *State v. Risko*, 2019-Ohio-1879.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018CA00082 |
| SCOTT RISKO | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from Stark County Court of
                             Common Pleas, Case No. 2017CR2242

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      May 13, 2019

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       DONOVAN HILL
STARK COUNTY PROSECUTOR               116 Cleveland Avenue N.W.
110 Central Plaza South               Suite 808
Canton, OH 44702                      Canton, OH 44702

*Gwin, P.J.*

{¶1}   Appellant Scott Risko ["Risko"] appeals his sentence after a jury trial in the Stark County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   In January, 2018 the Stark County Grand Jury indicted Risko on one count of aggravated vehicular assault, a violation of R.C. 2903.08(A)(1)(a), a felony of the third degree, one count of vehicular assault, a violation of R.C. 2903.08(A)(2)(b), a felony of the fourth degree, and one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination, R.C. 4511.19(A)(1)(a) and/or (f), a misdemeanor of the first degree.  A violation of R.C. 2903.08(A)(1)(a) carries a mandatory prison term.  The indictment alleged that Risko, while intoxicated, operated a motor vehicle on November 7, 2017 that collided with M. P. causing her serious physical harm.

{¶3}   Prior to trial, several pre-trials were held.  The state offered to recommend a mandatory one year in prison if Risko pleaded guilty.  T. Apr. 18, 2018 at 3-4.  The trial court reminded Risko that if convicted of the offense of aggravated vehicular assault, prison time was mandatory, and that one year was the lowest mandatory term.  T. Apr. 18, 2018 at 5.  The trial court also indicated that she would accept the state's recommendation of a one-year prison sentence.  The court further advised Risko,

> [COURT]: ...And you understand that if you go to trial, if you are convicted of these offenses — actually if you're convicted of just the felony of the third degree, that I would have available to me the ability to sentence you to 1, 2, 3, 4, or 5 years in prison, do you understand that?

T. Apr. 18, 2018 at 6.

{¶4}   Risko indicated that he understood that the trial court could impose a longer sentence based on the evidence and the testimony and that the sentence after trial could be quite different from the one year.  Risko declined the offer and opted to stand trial.

{¶5}   Risko's jury trial began on May 1, 2018.  The state presented seven witnesses including a patrol officer with the Massillon Police Department who responded to the crash and took a video of the scene, M. P., the victim and a chiropractor and an orthopedic surgeon who treated M. P.

{¶6}   Risko stipulated that his blood alcohol content was .268 at the time of the crash and admitted during opening and closing argument that he was intoxicated and should not have been driving.  Risko also stipulated that the medical records describing M. P.'s injuries were authentic.

{¶7}   After hearing the evidence and receiving instructions from the trial court, the jury returned with a verdict of guilty to all the counts in the indictment.

{¶8}   Risko returned to the trial court for sentencing on May 3, 2018.  M. P. addressed the trial court during sentencing describing the impact the collision had on her life.  She told the court that her life was turned upside down because of Risko's actions.  She lost her job, was in considerable pain, had medical bills of over $40,000, was unable to care for her family and was suffering from depression.

{¶9}   The state recommended a sentence of four or five years.  The trial court then proceeded to sentencing:

> [COURT]: ....But this does require a mandatory prison term, and now
> that I have assessed the circumstances and all of the facts of the case and
> weighed and balanced all of the principles and purposes of sentencing

under the Ohio Revised Code, including all of, of the—those factors in your favor as well as factors making this more serious in that range of, of one, two, three, four or five years, it will be the sentence of the Court that you serve a period of three years in an appropriate state institution for this offense of aggravated vehicular assault.

Sent. T., May 3, 2018 at 12.

**{¶10}** The trial court merged the vehicular assault charge and imposed a sentence of 180 days on the OVI charge, to be served concurrent for a total prison term of three years.

*Assignment of Error*

**{¶11}** Risko raises one assignment of error,

**{¶12}** "I. APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

*Law and Analysis*

**{¶13}** In his sole assignment of error, Risko contends that his sentence is contrary to law because the trial court imposed a sentence different from the pre-trial offer because he chose to exercise his right to a jury trial.

**{¶14}** The term "contrary to law" is not defined in R.C. 2953.08.

**{¶15}** It is axiomatic that "a defendant is guaranteed the right to a trial and should never be punished for exercising that right [.]" *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220, 1227(1989). Thus, the augmentation of sentence based upon a defendant's decision to stand on his right to put the government to its proof rather than plead guilty is improper. *United States v. Araujo*, 539 F.2d 287(2nd Cir. 1976), *certiorari denied sub. nom. Rivera v. United States*, 429 U.S. 983, 97 S.Ct. 498, 50 L.Ed.2d

593(1979); *United States v. Hutchings*, 757 F.2d 11, 14(2nd Cir. 1985); *United States v. Derrick*, 519 F.2d 1, 3(6th Cir. 1975). This rule applies "no matter how overwhelming the evidence of [defendant's] guilt." *Id.* at 3.

{¶16} Moreover, courts must not create the appearance that it has enhanced a defendant's sentence because he has elected to put the government to its proof. *United States v. Hutchings, supra; United States v. Stockwell*, 472 F.2d 1186, 1187(9th Cir. 1973). The chilling effect of such a practice upon standing trial would be as real as the chilling effect upon taking an appeal that arises when a defendant appeals, is reconvicted on remand, and receives a greater punishment. See *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

{¶17} In *State v. Morris*, 159 Ohio App.3d 775, 2005-Ohio-962, 825 N.E.2d637 (8th 2005), the Court observed, "[If] the court makes statements that 'give rise to the inference that [the] defendant may have been punished more severely because of his assertion of the right to trial by jury,' we must vacate the sentence * * * unless the record also contains an unequivocal statement that the defendant's decision to go to trial was not considered in imposing the sentence." Id., *quoting State v. Hobbs*, 8th Dist. No. 81533, 2003-Ohio-4338, ¶ 71. "'Absent such an unequivocal statement, the sentence will be reversed and the matter remanded for resentencing.'" Id., *quoting State v. Scalf*, 126 Ohio App.3d 614, 621, 710 N.E.2d 1206 (1998).

{¶18} However, when a defendant receives a harsher sentence following his rejection of a plea offer, there is not a "reasonable likelihood" that the sentence was based on actual vindictiveness. The Ohio Supreme Court has declined to apply a presumption of vindictiveness, and instead has held that the appellant must prove actual

vindictiveness. *See United States v. Wasman*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424(1984); *State v. Rahab*, 150 Ohio St.3d 152, 2017–Ohio–1401, 80 N.E.2d 431, ¶ 16.

{¶19} Having declined to presume that the trial court acted with vindictiveness, we begin our review of an appellant's sentence as we do in any other appeal—with the presumption that the trial court considered the appropriate sentencing criteria. *State v. O'Dell*, 45 Ohio St.3d 140,147, 543 N.E.2d 1220(1989); *State v. Rahab*, 150 Ohio St.3d 152 at ¶ 9. We then review the entire record—the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing—to determine whether there is evidence of actual vindictiveness. We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed because of actual vindictiveness on the part of the trial court. See R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 1; *State v. Rahab,* 150 Ohio St.3d 152 at ¶ 33.

### ISSUE FOR APPEAL.

*Whether the three-year mandatory prison sentence in Risko's case is clearly and convincingly contrary to law because it was imposed because of actual vindictiveness on the part of the trial court.*

{¶20} At the April 18, 2018 hearing, the trial court explained that the state was offering and that the court would impose a one-year mandatory prison sentence. T. Apr. 18, 2018 at 5. The trial court made no threat or promise concerning sentence should Risko be found guilty of the offenses. At the pre-trial hearing the court explained,

It is your prerogative whether you choose to plead guilty or whether you choose to go to trial, and I am in no way, shape or form trying to convince you to do one or the other. I'm trying to assure myself that you understand clearly as to what is being offered.

So you understand that the one year has been offered, correct?

DEFENDANT RISKO: Yes, ma'am.

THE COURT: Okay. And you understand that if you go to trial, if you are convicted of these offenses -- actually if you're convicted of just the felony of the third degree, that I would have available to me the ability to sentence you to 1, 2, 3, 4 or 5 years in prison; do you understand that?

DEFENDANT RISKO: Yes, Your Honor.

THE COURT: Okay. I'm not, again, telling you that I would give you five years, I don't know because I have not been presented with the evidence and the testimony. I don't know what that testimony is going to do as far as what it might evoke in me one way or the other, okay? But it is possible that you would get a sentence quite different from the one year that you are being offered. That's what I want to make sure that you understand.

DEFENDANT RISKO: Yes, Your Honor.

{¶21} T. Apr. 18, 2018 at 6. The trial court then explained the possible sentences for each charge.

{¶22} The Ohio Supreme Court has observed,

Furthermore, as the court made clear in [*Alabama v.]Smith* [490 U.S. 794, 801–802, 104 L.Ed.2d 865, 109 S.Ct. 2201(1989)], there are legitimate

reasons a defendant who rejects a plea may end up receiving a harsher sentence. Acceptance of responsibility is an appropriate sentencing consideration. Id. at 801, 109 S.Ct. 2201. Moreover, a plea bargain is, after all, a bargain. In the bargain, the prosecutor achieves certain benefits: a forgoing of the risk that the defendant will be found not guilty, relief from the burden of trying the case and a concomitant ability to devote prosecutorial resources to other cases, and limitations on the defendant's right to appeal an agreed sentence, see R.C. 2953.08(D)(1). In return, the prosecutor is able to offer the defendant certain sentencing considerations. Both sides exchange risk about the outcome for an enhanced degree of certainty. For the bargain to be worth anything to the defendant (at least in most cases), the defendant must have a reasonable probability of receiving a more lenient sentence than he would following trial and conviction.

*State v. Rahab*, 150 Ohio St.3d 152, 2017–Ohio–1401, 80 N.E.2d 431, ¶ 17.

{¶23} During the sentencing hearing, the court explained,

What had been presented to me was if there was a resolution of the case the State was making a recommendation and, and I had indicated that if, if it had gone forward, that I would have approved it. That's before I hear the testimony. That's before I'm laying eyes on this lady who has had her world turned upside down.

I don't know – the, the medical bills are, are bad and the physical pain is bad, and I don't mean to minimize any of that, but when you say what this has done to your credit score, that is not anything to scoff at. You

know, you – she's not going to be able to, to buy a home, she's not going to be able to do these things that most people take for granted and can do because of this. Even though you didn't intend it, this is the result. You are responsible. And I can't say it any more plainly than that.

Sent. T. May 3, 2018 at 10-11.

{¶24} Given the record before us, we are not convinced that the court sentenced Risko based on vindictiveness, rather than on the evidence presented during trial. A trial court is not forever bound to impose a sentence based upon a pre-trial offer made in exchange for a guilty plea. Simply because it does not honor the pre-trial offer is not, standing alone, evidence of actual vindictiveness.

### *CONCLUSION.*

{¶25}  Risko's sole assignment of error is overruled.

{¶26}  The judgment of the Stark County Court of Common Pleas is affirmed*.*

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur